## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS
## BOSTON DIVISION
### No.__:____-CV-_____-___

| | | |
|---|---|---|
| JULIA DUTRA, INDIVIDUALLY AND ON BEHALF OF OTHERS SIMILARLY SITUATED | ) ) ) | |
| Plaintiff, | ) ) | **CLASS ACTION COMPLAINT** |
| v. | ) ) | **(JURY TRIAL DEMANDED)** |
| TRUSTEES OF BOSTON UNIVERSITY | ) ) ) | |
| Defendants. | ) ) | |

Plaintiff Julia Dutra ("Plaintiff") by and through undersigned counsel, brings this action against the Trustees of Boston University ("Defendants" or the "University") on behalf of herself and all others similarly situated, and makes the following allegations based upon information, attorney investigation and belief, and upon Plaintiff's own knowledge:

### PRELIMINARY STATEMENT

1. Plaintiff brings this case as a result of Defendants' decision to close campus, constructively evict students, and transition all classes to an online/remote format as a result of the Novel Coronavirus Disease ("COVID-19").

2. While closing campus and transitioning to online classes was the right thing for Defendants to do, this decision deprived Plaintiff and the other members of the Class from recognizing the benefits of in-person instruction, housing, access to campus facilities, student activities, and other benefits and services in exchange for which they had already paid fees and tuition.

3. Defendants have either refused to provide reimbursement for the tuition, housing, fees

1

and other costs that Defendants are no longer providing, or have provided inadequate and/or arbitrary reimbursement that does not fully compensate Plaintiff and members of the Class for their loss.

4.  This action seeks refunds of the amount Plaintiff and other members of the Class are owed on a pro-rata basis, together with other damages as pled herein.

## PARTIES

5.  Defendant the Trustees of Boston University is an institution of higher learning located in Boston, Massachusetts.

6.  Upon information and belief, Defendants have an estimated endowment of approximately $2.3 Billion.

7.  Moreover, Defendants collect annual revenue from tuition, fees, and other sources in excess of $2 Billion per year.[1]

8.  Upon information and belief, Defendants are eligible to receive federal stimulus under the CARES Act.  The CARES Act directs that approximately 14 billion dollars be distributed to colleges and universities based upon enrollment and requires that institutions must use at least half of the funds they receive to provide emergency financial aid grants to students for expenses related to the disruption of campus operations due to COVID-19.

9.  Plaintiff is an individual and a resident and citizen of the state of New Jersey.

10. Plaintiff is currently enrolled as a full time student in Defendants' undergraduate program, studying film and television.

11. Plaintiff has paid substantial tuition for the Spring 2020 semester either out of pocket or

---

[1] http://www.bu.edu/investments/

by utilizing student loan financing, or otherwise.

12. There are hundreds, if not thousands, of institutions of higher learning in this country.

13. Some institutions of higher learning provide curriculum and instruction that is offered on a remote basis through online programming which do not provide for physical attendance by the students.

14. Defendants' institution offers in person, hands on curriculum.

15. Plaintiff and members of the Proposed Tuition Class did not choose to attend another institution of higher learning, or to seek an online degree, but instead chose to attend Defendants' institution and enroll on an in-person basis.

16. Defendant markets the on campus experience as a benefit of enrollment:[2]

> University living begins with academics, but it doesn't end there. At Boston University, the list of social, athletic, artistic, and other types of clubs is more than 500 lines long, and runs from Accounting to Zen. There are literary clubs, classic rock clubs, real rock—as in geology—clubs, and intramural and club sports for almost every participatory sport one can imagine. The most popular? That would be Broomball, a game played on a hockey rink, but without the benefit of ice skates.

17. As Defendants recognize, the true college experience encompasses much more than just credit hours and degrees.  The college experience consists of:

    i.    Face to face interaction with professors, mentors, and peers;

    ii.    Access to facilities such as computer labs, study rooms, laboratories, libraries, etc;

    iii.    Student governance and student unions;

    iv.    Extra-curricular activities, groups, intramurals, etc;

    v.    Student art, cultures, and other activities;

    vi.    Social development and independence;

    vii.    Hands on learning and experimentation; and

---

[2] https://www.bu.edu/campus-life/students/

viii.     Networking and mentorship opportunities.

18. Plaintiff's education has been changed from in-person hands on learning to online

   instruction.

19. Plaintiff's online instruction is not commensurate with the same classes being taught in

   person.

20. The University's President has admitted that learning through virtual technology is not

   the same as in-person, hands on learning:[3]

> I recognize that this is a painful decision for all our students, who thrive on the interactions with others as part of their experience as members of the Boston University community. I know this is especially difficult for our seniors and other candidates for graduation who undoubtedly have questions about how we will celebrate their achievements. Our hope is that our virtual technology will allow us to stay connected as we study and interact remotely, but I know it will not be the same. I will feel this as I walk the empty Charles River Campus. We are living through unprecedented events requiring new levels of adaptation for all of us.

21. For example, some classes are not even being taught live through the online format.

   Upon information and belief, some professors are simply uploading pre-recorded videos

   that offer no student/teacher interaction, and in some instances, professors are simply

   posting assignments online with no video at all.  Additionally, many online lectures are

   now significantly shorter than the scheduled class time allotment.

22. In addition to tuition, Plaintiff was required to pay certain mandatory fees, including but

   not limited to:

      a. Community Services Fee;

      b. Student Services Fee; and

---

[3] https://www.bu.edu/president/message-from-president-brown-covid-19-update/

c. Health & Wellness Fee

23. Upon information and belief, the Community Services Fee is intended to support student organizations, programs, and services.[4]

24. The Student Services Fee is intended to support student services such as as access to computer labs, libraries, technology resources, etc.[5]

25. The Health & Wellness fee is intended to cover things such as access to campus health centers, recreation centers, gyms, etc.[6]

26. As a result of being moved off campus, Plaintiff and Members of the Fees Class no longer have the benefit of the services for which these fees have been paid.

27. In addition to the tuition and fees described above, Plaintiff paid "Room and Board" fees for the opportunity to reside in campus housing and for access to a meal plan providing for on campus dining opportunities.

28. The University has announced a full pro-rated refund on meal plan costs.  Accordingly, this action does not seek to certify a Meals Class.  However, Defendants' announced formula for refunding housing costs is unfair and insufficient, necessitating certification of an On-Campus Housing Class.

29. At Defendants' request and direction, Plaintiff left campus on March 9, 2020 for Spring break and has not returned to campus since,[7] nor had access to any facilities or campus services since that date.

**JURISDICTION AND VENUE**

---

[4] https://www.bu.edu/provost/2020/04/03/spring-2020-credit-to-accounts/
[5] Id.
[6] Id.
[7] Plaintiff was required to go to her dorm on March 17, 2020 to gather some essentials, and estimates she was afforded less than 20 minutes to do so.

30. This Court has jurisdiction over this action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), because at least one class member is of diverse citizenship from one Defendant, there are more than 100 Class members, and the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs.

31. This Court has personal jurisdiction over Defendants because Defendants are domiciled in Massachusetts and conduct business in Massachusetts.

32. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District, and because Defendants are an institutional body domiciled and doing business in this District.

## FACTUAL ALLEGATIONS

33. Upon information and belief, Defendant's Spring term began with the first day of classes on or about January 21, 2020.[8]

34. Students contracting to live on-campus were allowed to move into their on campus residences as of January 17, 2020.[9]

35. Upon information and belief, Defendant's Spring term was scheduled to conclude with the last day of examinations on or about May 9, 2020,[10] with a residence hall check-out deadline of May 10, 2020.[11]

36. Defendant's Spring break began on or about March 7, 2020 and was supposed to end on or about March 15, 2020.[12]

37. However, as a result of the COVID-19 pandemic, most students, including Plaintiff,

---

[8] https://www.bu.edu/reg/calendars/
[9] https://www.bu.edu/covid-19-information/impact-on-students-and-campus/
[10] https://www.bu.edu/reg/calendars/
[11] https://www.bu.edu/covid-19-information/impact-on-students-and-campus/
[12] https://www.bu.edu/reg/calendars/

never returned to campus after leaving for Spring break.

38. While students were away for Spring break, Defendants announced that  classes would be moving online for the remainder of the semester and that all residence halls would be closed March 22, 2020.  Students were encouraged to leave campus "sooner if possible."[13]

39. Almost immediately, students began seeking refunds for the fees and charges demanded in this action.

40. As early as mid-March, the students at Defendants' institution started a change.org petition which, at the current time, has over 2,100 signatures:[14]

> This is why we believe we should be partially refunded for tuition in a way which accurately represents the changes made to the student experience in response to the COVID-19 pandemic; additionally, students not returning to campus after March 16th will not be utilizing university housing and dining resources during the latter portion of the semester and should not be financially responsible for room and board past March 6th, the last day of classes before Spring Break.

41. Notwithstanding this perfectly reasonable request, Defendants have refused and continue to refuse to do the right thing.

42. Although Defendant is still offering some level of academic instruction via online classes, Plaintiff and members of the proposed Tuition Class have been and will be

---

[13] https://www.bu.edu/president/message-from-president-brown-covid-19-update/
[14] https://www.change.org/p/boston-university-organize-for-student-sided-partial-tuition-refunds-at-boston-university-the-50-33-plan

deprived of the benefits of on campus learning as set forth more fully above.

43. Moreover, the value of any degree issued on the basis of online or pass/fail classes will be diminished for the rest their lives.

44. However, Defendants have announced that they will not be offering any pro-rated tuition reduction.[15]

45. Likewise, Plaintiff and members of the proposed Fees Class have been and will be deprived of utilizing services for which they have already paid, such as access to campus facilities, and other opportunities.

46. However, Defendants have announced that they will not be pro-rating or refunding any fees:[16]

> ## What about other charges, such as mandatory fees? Will students receive credits for those?
>
> There will be no adjustments or account credits for mandatory fees.

47. With respect to monies paid for on-campus housing, Defendants announced that they would only be pro-rating housing refunds from the date of March 22, 2020.

48. This fixed date is arbitrary, unfair, and unlawful, resulting in wholly insufficient refunds to Members of the On-Campus Housing Class.

49. Plaintiff and Members of the Class bargained and paid for housing on the expectation that they would return from spring break on or about March 15, 2020.

50. However, they did not receive the benefit of their bargain because they were first encouraged and then required not to return after that date.

---

[15] https://www.bu.edu/covid-19-information/impact-on-students-and-campus/
[16] Id.

51. That Defendants' did not "officially" close on-campus housing and dining until March 22, 2020 does not negate the fact that students were deprived of housing and meals prior to that date based on instruction from Defendants and the fact that it was recognized by all parties that it was unsafe for students to return to campus from Spring Break.

52. Accordingly, the housing refunds being offered by Defendants do not apply to the full cost of housing funds that have been unused as a result of the Defendants' response to COVID-19.

## CLASS ACTION ALLEGATION

53. Plaintiff brings this action on behalf of herself and as a class action, pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure on behalf of the following Classes:

**The Tuition Class:**

All people who paid tuition for or on behalf of students enrolled in classes at the University for the Spring 2020 semester who were denied live in-person instruction and forced to use online distance learning platforms for the latter portion of that semester.

**The Fees Class:**

All people who paid fees for or on behalf of students enrolled in classes at the University for the Spring 2020 semester.

**The On-Campus Housing Class:**

All people who paid the costs of on-campus housing for or on behalf of students enrolled in classes at the University for the Spring 2020 semester who moved out of their on-campus housing prior to the completion of the semester because of Defendants' policies and announcements related to COVID-19.

54. Excluded from the Classes are The Board of Trustees of Boston University and any of their respective members, affiliates, parents, subsidiaries, officers, directors, employees, successors, or assigns; and the judicial officers, and their immediate family members, and

Court staff assigned to this case.  Plaintiffs reserve the right to modify or amend the Class definitions, as appropriate, during the course of this litigation.

55. Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of her claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

56. This action has been brought and may be properly maintained on behalf of the Class proposed herein under Federal Rule of Civil Procedure 23.

### Numerosity: Fed. R. Civ. P. 23(a)(1)

57. The members of the Class are so numerous and geographically dispersed that individual joinder of all Class members is impracticable.  Plaintiff is informed and believes there are thousands of members of the Class, the precise number being unknown to Plaintiff, but such number being ascertainable from Defendants' records.  Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. mail, electronic mail, internet postings, and/or published notice.

### Commonality and Predominance: Fed. R. Civ. P. 23(a)(2)

58. This action involves common questions of law and fact, which predominate over any questions affecting individual Class members, including, without limitation:

    i.   Whether Defendants engaged in the conduct alleged herein;

    ii.   Whether there is a difference in value between online distance learning and live in-person instruction;

    iii.   Whether Defendants breached their contracts with Plaintiff and the other members of the Tuition Class by retaining the portion of their tuition representing the

difference between the value of online distance learning and live in-person instruction;

iv.   Whether Defendants were unjustly enriched by retaining tuition payments of Plaintiff and the Tuition Class representing the difference between the value of online distance learning and live in-person instruction;

v.   Whether Defendants breached their contracts with Plaintiff and the other members of the Fees Class by retaining fees without providing the services the fees were intended to cover;

vi.   Whether Defendants were unjustly enriched by retaining fees of Plaintiff and the other members of the Fees Class without providing the services the fees were intended to cover;

vii.   Whether Defendants breached their contracts with Plaintiff and the other members of the On-Campus Housing Class by not refunding them the full pro-rated amount of their housing expenses when the pandemic prevented them (or the students on whose behalf they paid) from continuing to live on campus safely;

viii.   Whether Defendants were unjustly enriched by retaining payments of Plaintiff and the other members of the On-Campus Housing Class while such members (or the students on whose behalf they paid) moved out of their on-campus housing;

ix.   Whether certification of any or all of the classes proposed herein is appropriate under Fed. R. Civ. P. 23;

x.   Whether Class members are entitled to declaratory, equitable, or injunctive relief, and/or other relief; and

xi.   The amount and nature of relief to be awarded to Plaintiff and the other Class

members.

### Typicality: Fed. R. Civ. P. 23(a)(3)

59. Plaintiff's claim is typical of the other Class member's claims because, among other
things, all Class members were similarly situated and were comparably injured through
Defendants' wrongful conduct as set forth herein.

### Adequacy: Fed. R. Civ. P. 23(a)(4)

60. Plaintiff is an adequate Class representative because his interests do not conflict with the
interests of other members of the Class he seeks to represent.  Plaintiff has retained
counsel competent and experienced in complex litigation; and Plaintiff intends to
prosecute the action vigorously.  The Class's interests will be fairly and adequately
protected by Plaintiff and his counsel.

### Superiority: Fed. R. Civ. P. 23(b)(3)

61. A class action is superior to any other available means for the fair and efficient
adjudication of this controversy, and no unusual difficulties are likely to be encountered
in the management of this class action.  The damages or other financial detriment
suffered by Plaintiff and other Class members are relatively small compared to the
burden and expense that would be required to individually litigate their claims against
Defendants, so it would be impracticable for members of the Class to individually seek
redress for Defendants' wrongful conduct.

62. Even if Class members could afford individual litigation, the Court system likely could
not.  Individualized litigation creates a potential for inconsistent or contradictory
judgments, and increases the delay and expense to all parties and the court system.  By
contrast, the class action device presents far fewer management difficulties and provides

the benefits of single adjudication, economy of scale, comprehensive supervision by a single court, and finality of the litigation.

### Certification of Specific Issues: Fed. R. Civ. P. 23(c)(4)

63. To the extent that a Class does not meet the requirements of Rules 23(b)(2) or (b)(3), Plaintiff seeks the certification of issues that will drive the litigation toward resolution.

### Declaratory and Injunctive Relief: Fed. R. Civ. P. 23(b)(2)

64. The University has acted or refused to act on grounds generally applicable to Plaintiff and the other Class members, thereby making appropriate final injunctive relief and declaratory relief, as described herein, with respect to the Class members as a whole.

### FOR A FIRST COLLECTIVE CAUSE OF ACTION
### BREACH OF CONTRACT
### (Plaintiff and Other Members of the Tuition Class)

65. Plaintiff incorporates by reference all preceding allegations as though fully set forth herein.

66. Plaintiff brings this count on behalf of herself and other members of the Tuition Class.

67. Plaintiff and the Tuition Class entered into contracts with the University which provided that Plaintiff and other members of the Tuition Class would pay tuition for or on behalf of students and, in exchange, the University would provide live in-person instruction in a physical classroom.

68. Plaintiff and other members of the Tuition Class fulfilled their end of the bargain when they paid tuition for the Spring 2020 semester either out-of-pocket or by using student loan financing.

69. The University breached the contract with Plaintiff and the Tuition Class by moving all classes for the Spring 2020 semester to online distance learning platforms, without

reducing or refunding tuition accordingly.

70. The University retained tuition monies paid by Plaintiff and other members of the Tuition Class, without providing them the full benefit of their bargain.

71. Plaintiff and other members of the Tuition Class have suffered damage as a direct and proximate result of Defendants' breach, including but not limited to being deprived of the value of the services the tuition was intended to cover, namely live in-person instruction in a physical classroom.

72. As a direct and proximate result of Defendants' breach, Plaintiff and the Tuition Class are legally and equitably entitled to damages, to be decided by the trier of fact in this action, to include but not be limited to disgorgement of the difference between the value of the online learning which is being provided versus the value of the live in-person instruction in a physical classroom that was contracted for.

**FOR A SECOND COLLECTIVE CAUSE OF ACTION**
**UNJUST ENRICHMENT**
**(Plaintiff and Other Members of the Tuition Class)**

73. Plaintiff incorporates by reference all preceding allegations as though fully set forth herein.

74. Plaintiff brings this count on behalf of herself and other members of the Tuition Class.

75. The University has received a benefit at the expense of Plaintiff and other members of the Tuition Class to which it is not entitled.

76. Plaintiff and other members of the Tuition Class paid substantial tuition for live in-person instruction in physical classrooms and did not receive the full benefit of the bargain.

77. Plaintiff and other members of the Tuition Class conferred this benefit on Defendants when they paid the tuition.

78. Defendants have realized this benefit by accepting such payment.

79. Defendants have retained this benefit, even though Defendants have failed to provide the services for which the tuition was collected, making Defendants' retention unjust under the circumstances.

80. Equity and good conscience requires that the University return a portion of the monies paid in tuition to Plaintiff and other members of the Tuition Class.

81. Defendants should be required to disgorge this unjust enrichment.

**FOR A THIRD COLLECTIVE CAUSE OF ACTION**
**BREACH OF CONTRACT**
**(Plaintiff and Other Members of the Fees Class)**

82. Plaintiff incorporates by reference all preceding allegations as though fully set forth herein.

83. Plaintiff brings this count on behalf of herself and other members of the Fees Class.

84. Plaintiff and the Fees Class entered into contracts with the University which provided that Plaintiff and other members of the Fees Class would pay certain fees for or on behalf of students and, in exchange, the University would provide services related to those fees, such as access to student activities, athletics, wellness centers, libraries, etc.

85. Plaintiff and other members of the Fees Class fulfilled their end of the bargain when they paid these fees for the Spring 2020 semester either out-of-pocket or by using student financing.

86. The University breached the contract with Plaintiff and the Fees Class by moving all classes for the Spring 2020 semester to online distance learning platforms, constructively evicting students from campus, and closing most campus buildings and facilities.

87. The University retained fees paid by Plaintiff and other members of the Fees Class,

without providing them the full benefit of their bargain.

88. Plaintiff and other members of the Fees Class have suffered damage as a direct and proximate result of Defendants' breach, including but not limited to being deprived of the value of the benefits and services the fees were intended to cover.

89. As a direct and proximate result of Defendants' breach, Plaintiff and the Fees Class are legally and equitably entitled to damages, to be decided by the trier of fact in this action, to include but not be limited to disgorgement of the pro-rata amount of fees that was collected but for which services were not provided.

**FOR A FOURTH COLLECTIVE CAUSE OF ACTION
UNJUST ENRICHMENT
(Plaintiff and Other Members of the Fees Class)**

90. Plaintiff incorporates by reference all preceding allegations as though fully set forth herein.

91. Plaintiff brings this count on behalf of herself and other members of the Fees Class.

92. The University has received a benefit at the expense of Plaintiff and other members of the Fees Class to which it is not entitled.

93. Plaintiff and other members of the Fees Class paid substantial student fees for on campus benefits and services and did not receive the full benefit of the bargain.

94. Plaintiff and other members of the Fees Class conferred this benefit on Defendants when they paid the fees.

95. Defendants have realized this benefit by accepting such payment.

96. Defendants have retained this benefit, even though Defendants have failed to provide the services for which the fees were collected, making Defendants' retention unjust under the circumstances.

97. Equity and good conscience requires that the University return a pro-rata portion of the monies paid in fees to Plaintiff and other members of the Fees Class.

98. Defendants should be required to disgorge this unjust enrichment.

### FOR A FIFTH COLLECTIVE CAUSE OF ACTION
### BREACH OF CONTRACT
### (Plaintiff and Other Members of the On-Campus Housing Class)

99. Plaintiff incorporates by reference all preceding allegations as though fully set forth herein.

100.    Plaintiff brings this count on behalf of herself and other members of the On-Campus Housing Class.

101.    Plaintiff and the On-Campus Housing Class entered into contracts with the University which provided that Plaintiff and other members of the On-Campus Housing Class would pay certain fees for or on behalf of students and, in exchange, the University would provide on-campus housing to those students.

102.    Plaintiff and other members of the On-Campus Housing Class fulfilled their end of the bargain when they paid these fees for the Spring 2020 semester either out-of-pocket or by using student financing.

103.    The University breached the contract with Plaintiff and the On-Campus Housing Class by moving all classes for the Spring 2020 semester to online distance learning platforms, and asked students to move out of on-campus housing facilities, thus constructively evicting them.

104.    The University retained fees paid by Plaintiff and other members of the On-Campus Housing Class, without providing them the full benefit of their bargain.

105.     Plaintiff and other members of the On-Campus Housing Class have suffered

damage as a direct and proximate result of Defendants' breach, including but not limited

to being deprived of the value of the housing that the board fees were intended to cover.

106.     As a direct and proximate result of Defendants' breach, Plaintiff and the On-

Campus Housing Class are legally and equitably entitled to damages, to be decided by

the trier of fact in this action, to include but not be limited to disgorgement of the pro-rata

amount of fees that were collected but for which services were not provided.

## FOR A SIXTH COLLECTIVE CAUSE OF ACTION
## UNJUST ENRICHMENT
### (Plaintiff and Other Members of the On-Campus Housing Class)

107.     Plaintiff incorporates by reference all preceding allegations as though fully set

forth herein.

108.     Plaintiff brings this count on behalf of herself and other members of the On-

Campus Housing Class.

109.     The University has received a benefit at the expense of Plaintiff and other

members of the On-Campus Housing Class to which it is not entitled.

110.     Plaintiff and other members of the On-Campus Housing Class paid substantial

board fees for the right to occupy on-campus housing and did not receive the full benefit

of the bargain.

111.     Plaintiff and other members of the On-Campus Housing Class conferred this

benefit on Defendants when they paid the fees.

112.     Defendants have realized this benefit by accepting such payment.

113.     Defendants have retained this benefit, even though Defendants have failed to

provide the housing and other amenities for which the fees were collected, making

Defendants' retention unjust under the circumstances.

114.    Equity and good conscience requires that the University return a pro-rata portion
of the monies paid in fees to Plaintiff and other members of the On-Campus Housing
Class.

115.    Defendants should be required to disgorge this unjust enrichment.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of members of the Class(es), pray for
judgment in their favor and against Defendants as follows:

a.    Certifying the Classes as proposed herein, designating Plaintiff as Class
representative, and appointing undersigned counsel as Class Counsel;

b.    Declaring that Defendants are financially responsible for notifying the Class
members of the pendency of this action;

c.    Declaring that Defendants have wrongfully kept monies paid for tuition, fees, and
on-campus housing;

d.    Requiring that Defendants disgorge amounts wrongfully obtained for tuition, fees,
and on-campus;

e.    Awarding injunctive relief as permitted by law or equity, including enjoining
Defendants from retaining the pro-rated, unused monies paid for tuition, fees, and on-
campus housing;

f.    Scheduling a trial by jury in this action;

g.    Awarding Plaintiff's reasonable attorney's fees, costs and expenses, as permitted
by law;

h.     Awarding pre and post judgment interest on any amounts awarded, as permitted

by law; and

i.       Awarding such other and further relief as may be just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by

jury in this action of all issues so triable.

Dated: April 29, 2020

/s/ *Richard E. Levine*

_____

Richard E. Levine, Esq. BBO# 672675
Stanzler Levine, LLC
65 William Street, Suite 205
Wellesley, MA 02481
(617) 482-3198
rlevine@stanzerlevine.com

-AND-

**ANASTOPOULO LAW FIRM, LLC**

Eric M. Poulin (*Pro Hac Vice Admission Pending*)
Roy T. Willey, IV (*Pro Hac Vice Admission Pending*)
32 Ann Street
Charleston, SC 29403
(843) 614-8888
eric@akimlawfirm.com
roy@akimlawfirm.com

**ATTORNEYS FOR PLAINTIFF(S)**