# Exhibit 4

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE: BOSTON UNIVERSITY COVID-19 REFUND LITIGATION | **MASTER FILE NO. 1:20-cv-10827-RGS** |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

**DEFENDANT TRUSTEES OF BOSTON UNIVERSITY'S RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANT (NOS. 1-24)**

Pursuant to Federal Rules of Civil Procedure 26 and 33, defendant Trustees of Boston University ("BU") hereby provides the following as objections and responses to plaintiffs' First Set of Interrogatories served by plaintiffs on March 27, 2021.

These responses and objections are based on reasonable review and diligent investigation conducted to date, including a reasonable search. Any responses made by BU should not be understood as an admission by BU as to the existence or non-existence of specific documents or information, that any information contained within the responses is relevant or admissible as evidence, or that any statement or characterization propounded in the Interrogatories is accurate or complete. BU has not yet completed its investigation of the facts relating to this action and reserve the right to amend, clarify, or supplement their responses to these Interrogatories if and when additional facts or documents are discovered, disclosed, or produced, although it assumes no obligation to do so. In addition, BU is not precluded from later relying on facts discovered pursuant to further investigation or discovery or on subsequently discovered or generated documents.

BU makes these responses solely for the purposes of this action and reserves the right to object on any ground to the use of documents produced in response to the Interrogatories for any purpose, in whole or in part, in any subsequent proceedings, in this or any other action. Nothing in the responses is to be construed as a waiver of any objections or of the right to object to any of the Interrogatories.

## GENERAL OBJECTIONS

BU makes the following general objections to the Interrogatories, reserving the right to add or amend the objections or response as its factual inquiry continues. Although these General Objections pertain to each of the Interrogatories, BU intends to withhold information only on the basis of the specific objections and responses set forth below.

1. BU objects to the Interrogatories to the extent they purport to impose obligations beyond those imposed on BU by law, or are otherwise inconsistent with the Federal Rules of Civil Procedure, U.S. District Court for the District of Massachusetts Local Civil Rules, or the Court's prior orders.

2. BU objects to the Interrogatories to the extent they seek information subject to attorney-client privilege, attorney work product immunity, or other privilege or immunity against disclosure. Such information will not be provided in response to the Interrogatories, and any inadvertent disclosure thereof shall not be deemed a waiver of any privilege with respect to such information or of any work product doctrine protections which may attach thereto.

3. BU objects to the Interrogatories that accompany them, to the extent they call for the disclosure of information which is subject to confidentiality agreements involving non-parties, and which is not suitably protected from unwarranted disclosure and use absent consent of such non-parties.

4. BU objects to the Interrogatories to the extent they seek disclosure of information protected from disclosure by the constitutional and/or statutory privacy rights of third persons, including, but not limited to, the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g.

5. BU objects to the Interrogatories to the extent they seek information available through public sources or in the possession, custody, or control of plaintiffs.

6. BU objects to each of the Interrogatories as irrelevant and overbroad to the extent they seek information beyond the scope of the case as narrowed by the Court's January 7, 2021 order, which recognized that plaintiffs cannot challenge the "quality of the instruction they received, Dkt. 63 at 6 n.5, and as narrowed by plaintiffs' admissions that they do not challenge the "*quality* of the online education" BU provided," Dkt. 62 at 3 (internal citations omitted), and as narrowed by plaintiffs' admission that their contract claims are predicated entirely on "invoices demanding payment and course registration materials," *id.* at 2.

**RESPONSES TO INTERROGATORIES**

**INTERROGATORY NO. 1:**

IDENTIFY each of the officer(s), employee(s) or agent(s) answering or providing any information or DOCUMENTS used to respond to Plaintiffs' Interrogatories, Requests for Production of Documents, and/or Requests for Admission, and for each such person indicate the specific Interrogatories, Requests for Production, and/or Requests for Admission to which he/she contributed information or DOCUMENTS.

**RESPONSE TO INTERROGATORY NO. 1:**

BU objects to this Interrogatory on the ground and to the extent it calls for information subject to the attorney-client privilege, the attorney work product doctrine, and any other applicable privileges.

Subject to and without waiving these objections, BU responds as follows: Attorneys from Quinn Emanuel Urquhart and Sullivan, LLP and attorneys in the Office of the General Counsel at BU, prepared the responses to these interrogatories.

**INTERROGATORY NO. 2:**

IDENTIFY all PERSONS involved in YOUR decision to suspend in-person classes and switch to online and/or remote learning during Spring Semester 2020, including any individuals involved in any "transition team" or committee formed to facilitate the switch from in-person to online/remote learning during Spring Semester 2020, and for each such PERSON, state the role such PERSON had in YOUR decision.

**RESPONSE TO INTERROGATORY NO. 2:**

BU objects to this Interrogatory on the ground and to the extent it calls for information subject to the attorney-client privilege, the attorney work product doctrine, and any other applicable privileges. BU further objects to this Interrogatory as vague and ambiguous as to the term "involved in" and "transition team."

Subject to and without waiving these objections, BU responds as follows: The following BU personnel were responsible for BU's decision to transition in-person classes to remote learning during the Spring 2020 semester: Robert Brown and Jean Morrison.

**INTERROGATORY NO. 3:**

IDENTIFY all PERSONS involved in YOUR decision not to refund tuition or fees for the Spring 2020 Semester.

**RESPONSE TO INTERROGATORY NO. 3:**

BU objects to this Interrogatory on the ground and to the extent it calls for information subject to the attorney-client privilege, the attorney work product doctrine, and any other applicable privileges. BU further objects to this Interrogatory as vague and ambiguous as to the

terms "involved in" and "fees." BU further objects to this Interrogatory as factually incorrect because all students were refunded student fees for room and board from March 22 to the end of Spring 2020.

Subject to and without waiving these objections, BU responds as follows: The following BU personnel were responsible for the decision of whether or not to refund tuition and fees for the Spring 2020 semester: Robert Brown.

**INTERROGATORY NO. 4:**

IDENTIFY all PERSONS involved in financial and budgeting decisions for Defendant.

**RESPONSE TO INTERROGATORY NO. 4:**

BU objects to this Interrogatory as vague and ambiguous as to the terms "involved in" and "financial and budgeting decisions." BU further objects to this Interrogatory as vague and ambiguous as to time. BU further objects to this Interrogatory as overbroad, to the extent that it seeks the names of every person involved in any financial and budgeting decisions in any part of the University.

Subject to and without waiving these objections, BU responds as follows: The following BU personnel were responsible for the financial operations of BU during the Spring 2020 semester: Robert Brown, Jean Morrison, Martin J. Howard, Gary Nicksa, and Derek Howe.

**INTERROGATORY NO. 5:**

Please describe the details of YOUR decision to and process for closing campus and transitioning in-person courses to online-only instruction formats, including:

a. The date the University made its decision to suspend on-campus operations in connection with COVID-19;

b. The date suspension of operations began;

c. When and in what ways the decision was communicated to students; and

The factors YOU considered when making the decision.

**RESPONSE TO INTERROGATORY NO. 5:**

BU objects to this Interrogatory on the ground and to the extent it calls for information subject to the attorney-client privilege, the attorney work product doctrine, and any other applicable privileges. BU further objects to this Interrogatory as vague and ambiguous as to the terms "details," "decision to … closing campus," "process for closing campus," "transitioning," and "online-only instruction formats." BU further objects to this Interrogatory as irrelevant, as it seeks information regarding BU's motive for closing campus, which is not relevant to any of plaintiffs' remaining claims. BU further objects to this Interrogatory because "[t]he date suspension of operations began," and "[w]hen and in what ways the decision [to suspend on-campus operations] was communicated to students" is available through public sources or in the possession, custody, or control of plaintiffs. BU further objects to this Interrogatory because it is inaccurate, as some on-campus operations continued throughout Spring 2020.

Subject to and without waiving these objections, BU responds as follows:

a. March 11, 2020 and March 17, 2020;

b. March 16, 2020;

c. BU President Robert Brown and University Provost Jean Morrison sent a letter to all students, faculty, and staff on March 11, 2020, notifying them of changes to campus operations that would be in effect from March 16, 2020 until April 13, 2020. A second letter was sent to the students and the entire community by email on March 17, 2020. President Brown sent letters to parents on March 14, 2020 and March 17, 2020. Those letters speak for themselves and explain the decision to transition to remote instruction and to effectively close the campus.

The University considered guidance from state and local officials, including Governor Charlie Baker's March 10, 2020 declaration of a state of emergency, as well as the increasing

numbers of confirmed cases of COVID-19. In addition, beginning on March 13, 2020, Governor Baker issued a series of executive orders limiting the size of in-person gatherings in the Commonwealth in public and private spaces. These executive orders were issued in response to guidance from the CDC and Massachusetts DPH. Relying on similar guidance from public health officials, BU transitioned to remote instruction, rather than cancelling class to advance the twin goals of protecting the health of all members of the community and continuing the Spring 2020 semester without interruption.

**INTERROGATORY NO. 6:**

Has DEFENDANT or anyone on DEFENDANT'S behalf obtained any statement in any form from any actual or potential witness or party in the case that concerns the claims and/or events described in the COMPLAINT? If so, please IDENTIFY the individual(s) who provided such statements, provide a summary of the substance of such statements, and identify the form (written, audio recording, transcribed, etc.), and who has possession of those statements.

**RESPONSE TO INTERROGATORY NO. 6:**

BU objects to this Interrogatory on the ground and to the extent it calls for information subject to the attorney-client privilege, the attorney work product doctrine, and any other applicable privileges. BU further objects to this Interrogatory as vague and ambiguous as to the term "concerns."

Subject to and without waiving these objections, BU responds as follows: BU has not obtained any statement in any form from any plaintiff in this case regarding the claims and/or events described in the COMPLAINT.

**INTERROGATORY NO. 7:**

Identify all DOCUMENTS and things in DEFENDANT(s)' possession or control that relate to any claim or defense in this case (including those already raised or that you anticipate or

raising in the future in response to the allegations in the COMPLAINT), or which could lead to discovery of evidence which is relevant to the claims or defenses in this matter of which DEFENDANT(s) have knowledge, and/or which DEFENDANT(s) intend to introduce into evidence at the time of trial.

**RESPONSE TO INTERROGATORY NO. 7:**

BU objects to this Interrogatory on the ground and to the extent it calls for information subject to the attorney-client privilege, the attorney work product doctrine, and any other applicable privileges. BU further objects to this Interrogatory as vague and ambiguous as to the term "relate to." BU further objects to this Interrogatory as a premature contention interrogatory to which no final response should be required until after discovery has been completed. The parties have not yet exchanged any documents or engaged in any depositions. BU does not yet have access to all of the facts that form the factual basis of its defenses.

Subject to and without waiving these objections, BU will provide an answer to Interrogatory No. 7 in accordance with the joint scheduling order entered by the Court.

**INTERROGATORY NO. 8:**

If, prior to January 1, 2020, YOU ever funded (in whole or in part) any studies, reports, surveys, publications, or articles related to comparison of online education vs. in person education, or collaborated, or communicated with any consulting company, marketing company, public relations company, lobbying company, or trade organization regarding such issues, please explain and identify all documents evidencing or relating to the same.

**RESPONSE TO INTERROGATORY NO. 8:**

BU objects to this Interrogatory on the ground and to the extent it calls for information subject to the attorney-client privilege, the attorney work product doctrine, and any other applicable privileges. BU further objects to this Interrogatory as vague, ambiguous, and overbroad

as to the terms "funded (in whole or in part)" and "comparison of online education vs. in person education." BU further objects to this Interrogatory as overbroad and unduly burdensome, as BU is a research university that funds (directly or indirectly) many "studies, reports, surveys, publications, or articles" annually, and it does not have within its possession or knowledge all "studies, reports, surveys, publications, or articles" that it has ever funded. BU further objects to this Interrogatory as irrelevant, as any research BU funded (in whole or in part) has no relevance to plaintiffs' claims.

**INTERROGATORY NO. 9**

IDENTIFY each STUDENT who paid fees or tuition to attend classes and/or obtain education from you for the Spring 2020 semester and for each such STUDENT (a) the school and/or program, as well as the degree sought (e.g., College of Arts and Sciences, B.A.), (b) the amount(s) charged and/or paid, separately delineating the amounts for tuition and each fee or other charge, and (c) any refund(s) or other adjustments made to said students' accounts.

**RESPONSE TO INTERROGATORY NO. 9:**

BU objects to this Interrogatory as vague and ambiguous as to the terms "fees" and "fee." BU further objects to this Interrogatory as overbroad, unduly burdensome, and irrelevant to the extent that it seeks information regarding all BU students in the Spring 2020 semester, and not just the student plaintiffs. BU further objects to this Interrogatory with regard to non-plaintiff students because such information is protected from disclosure by the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g. BU will interpret "STUDENTS" to refer to the plaintiffs in this case who were students in the Spring 2020 semester. BU will further interpret "fees" to refer to its "Community Service Fee," "Student Services Fee," "Health and Wellness Fee," and "Sports Pass Fee."

Subject to and without waiving these objections, BU will produce documents pursuant to Fed. R. Civ. P. 33(d) responsive to this Interrogatory.

**INTERROGATORY NO. 10:**

IDENTIFY all persons involved in the design and terms of DEFENDANT'S Course Catalog, the 2019-2020 University Bulletin and all subsequent Bulletins, Course Schedule Search, Course Registration function, and Faculty Handbook.

**RESPONSE TO INTERROGATORY NO. 10:**

BU objects to this Interrogatory as overbroad to the extent that it seeks information regarding the Course Catalog, University Bulletin, Course Schedule Search, Course Registration function, and Faculty Handbook for any semesters apart from the Spring 2020 semester. BU further objects to this Interrogatory as irrelevant, because plaintiffs contract claims are based solely on "invoices demanding payment and course registration materials." Dkt. 62 at 2.

Subject to and without waiving these objections, BU responds as follows: The following BU personnel were responsible for designing and selecting the terms of the 2019-2020 University Bulletin: Members of the Office of the University Registrar partner with Marketing and Communications to publish the Bulletin content, which is supplied by the Schools and Colleges. The content for new programs is provided by the Provost's Office through the curriculum approval process. Regarding the course registration and schedules, the Office of the University Provost provides technical support for course registration. Course schedules are designed by the individual Schools and Colleges.

**INTERROGATORY NO. 11:**

IDENTIFY any insurance agreement under which any person carrying on an insurance business may be liable to satisfy in part or in whole a judgement which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.

**RESPONSE TO INTERROGATORY NO. 11:**

BU objects to this Interrogatory as vague and ambiguous as to the terms "carrying on."

Subject to and without waiving this objection, BU responds as follows: BU is insured pursuant to United Educators' University's Educators Legal Liability. This is the only insurance policy that may be liable to satisfy, indemnify, or reimburse BU for any judgment that may be entered in this action.

**INTERROGATORY NO. 12:**

IDENTIFY all individuals on DEFENDANT'S Board of Trustees/Board of Directors.

**RESPONSE TO INTERROGATORY NO. 12:**

BU objects to this Interrogatory as vague as to time.

Subject to and without waiving this objection, BU responds as follows: Kenneth J. Feld, Ryan K. Roth Gallo, Carla E. Meyer, Richard D. Reidy, Robert A. Brown, William D. Bloom, Cynthia R. Cohen, Shamim A. Dahod, Nathaniel Dalton, Sudarshana Devadhar, Ahmass L. Fakahany, Maurice R. Ferré, Sandra A. Frazier, Michael D. Fricklas, Richard C. Godfrey, John P. Howe III, Stephen R. Karp, Rajen A. Kilachand, Ranch C. Kimball, Robert A. Knox, Antoinette (Tonie) R. Leatherberry, J. Kenneth Menges, Jr., Kevin Merida, Jane P. Moncreiff, Ruth A. Moorman, Alicia C. Mullen, Rebecca A. Norlander, Eileen B. O'Keefe, C. A. Lance Piccolo, Jonathan Priester, Sharon G. Ryan, S. D. Shibulal, Richard C. Shipley, Hugo X. Shong, Kenneth Z. Slater, Malek Sukkar, Nina C. Tassler, Elizabeth C. Thors, Peter L. Wexler, and Stephen M. Zide.

**INTERROGATORY NO. 13:**

Describe how DEFENDANT determines the amount it will charge for tuition for Spring 2020 for each program DEFENDANT offered (separately addressing, as appropriate, the tuition charged for students of each school, program, and/or degree), including without limitation,

describing the methodology for determining the amount of tuition charged and the factors on which DEFENDANT bases its decisions.

**RESPONSE TO INTERROGATORY NO. 13:**

BU objects to this Interrogatory as overbroad to the extent that it seeks information regarding its methodology for determining the amount it charged for tuition for each program it offers, rather than the programs that plaintiffs enrolled in. BU further objects to this Interrogatory as irrelevant, because the method that BU uses to set its tuition has no relevance to plaintiffs' claims.

Subject to and without waiving these objections, BU responds as follows: Each August, the University Budget Committee commence meetings for the purpose of preparing a range for tuition increases for undergraduates the following academic year to be presented to the Executive Committee of the Board of Trustees. The tuition increase for AY2019-2020 (which falls in FY2020) was approved in April 2019. In preparing the range the Budget Committee looks to the tuition increases of BU's strategic indicator schools as well as a budget projection (factoring in salary increases, changes to fringe benefits and student financial aid), enrollment projections, and inflationary costs. BU's graduate programs have different tuition rates than the tuition charged to undergraduates, but go through a similar approval process each year.

**INTERROGATORY NO. 14:**

Describe how DEFENDANT determines the amount it will charge for mandatory fees for Spring 2020 for each program DEFENDANT offered (separately addressing, as appropriate, the fees charged to students in each school, program, and/or degree), including without limitation describing the methodology for determining the amount of each fee charged and the factors on which DEFENDANT bases its decisions.

**RESPONSE TO INTERROGATORY NO. 14:**

BU objects to this Interrogatory as vague and ambiguous as to the term "mandatory fees." BU further objects to this Interrogatory as overbroad to the extent that it seeks information regarding its methodology for determining the amount it charged for mandatory for each program it offers, rather than the fees that plaintiffs paid. BU further objects to this Interrogatory as irrelevant, because the method that BU uses to set its fees has no relevance to plaintiffs' claims.

Subject to and without waiving these objections, BU responds as follows: The process for determining the rate of BU's mandatory student fees is similar to the process used to determine the undergraduate tuition rate, as described in response to Interrogatory No. 13, above.

**INTERROGATORY NO. 15:**

Please IDENTIFY all contracts YOU believe YOU have with STUDENTS enrolled at Boston University for the Spring 2020 semester, including, without limitation, any contract that provided YOU the right to change any class format from in-person instruction to online instruction or deny students tuition and/or fee refunds, and specifically IDENTIFY all DOCUMENTS which comprise the contract(s), if any, and all material terms of such contracts.

**RESPONSE TO INTERROGATORY NO. 15:**

BU objects to this Interrogatory as overbroad to the extent that it seeks information regarding all contracts it had with students, not just the plaintiffs and not those related to plaintiffs' claims. BU further objects to this Interrogatory as a premature contention interrogatory to which no final response should be required until after discovery has been completed.

**INTERROGATORY NO. 16:**

Please IDENTIFY all facts supporting YOUR affirmative defense that PLAINTIFFS' claims are barred by Boston University's "Reservation-of-Rights," including, without limitation, by IDENTIFYING all DOCUMENTS describing the "Reservation-of-Rights," and all

DOCUMENTS describing or reflecting STUDENTS' receipt or knowledge of the existence of such "Reservation-of-Rights," and describe how each such DOCUMENT or fact supports YOUR affirmative defense.

**RESPONSE TO INTERROGATORY NO. 16:**

BU objects to this Interrogatory as a premature contention interrogatory to which no final response should be required until after discovery has been completed. The parties have not yet exchanged any documents or engaged in any depositions. BU does not yet have access to all of the facts that form the factual basis of its defenses.

**INTERROGATORY NO. 17:**

Please IDENTIFY all facts supporting YOUR affirmative defense that PLAINTIFFS' claims are barred by Boston University's "Refund Policy," including, without limitation, by IDENTIFYING all DOCUMENTS describing the "Refund Policy," and all DOCUMENTS describing or reflecting STUDENTS' receipt or knowledge of the existence of such "Refund Policy," and describe how each such DOCUMENT or fact supports YOUR affirmative defense.

**RESPONSE TO INTERROGATORY NO. 17:**

BU objects to this Interrogatory as a premature contention interrogatory to which no final response should be required until after discovery has been completed. The parties have not yet exchanged any documents or engaged in any depositions. BU does not yet have access to all of the facts that form the factual basis of its defenses.

**INTERROGATORY NO. 18:**

Please IDENTIFY all facts supporting YOUR affirmative defense that PLAINTIFFS' claims fail to state a claim for which relief can be granted, including, without limitation, all DOCUMENTS supporting YOUR affirmative defense, and describe how each such DOCUMENT or fact supports YOUR affirmative defense.

**RESPONSE TO INTERROGATORY NO. 18:**

BU objects to this Interrogatory as a premature contention interrogatory to which no final response should be required until after discovery has been completed. The parties have not yet exchanged any documents or engaged in any depositions. BU does not yet have access to all of the facts that form the factual basis of its defenses.

**INTERROGATORY NO. 19:**

Please IDENTIFY all facts supporting YOUR affirmative defense that PLAINTIFFS have an adequate remedy at law, including, without limitation, all DOCUMENTS supporting YOUR affirmative defense, and describe how each such DOCUMENT or fact supports YOUR affirmative defense.

**RESPONSE TO INTERROGATORY NO. 19:**

BU objects to this Interrogatory as a premature contention interrogatory to which no final response should be required until after discovery has been completed. The parties have not yet exchanged any documents or engaged in any depositions. BU does not yet have access to all of the facts that form the factual basis of its defenses.

**INTERROGATORY NO. 20:**

Please IDENTIFY all facts supporting YOUR affirmative defense that PLAINTIFFS' claims are "precluded by the Educational Malpractice bar," including, without limitation, all DOCUMENTS supporting YOUR affirmative defense, and describe how each such DOCUMENT or fact supports YOUR affirmative defense.

**RESPONSE TO INTERROGATORY NO. 20:**

BU objects to this Interrogatory as a premature contention interrogatory to which no final response should be required until after discovery has been completed. The parties have not yet

exchanged any documents or engaged in any depositions. BU does not yet have access to all of the facts that form the factual basis of its defenses.

**INTERROGATORY NO. 21:**

Please IDENTIFY all facts supporting Your affirmative defense that PLAINTIFFS' claims are barred by estoppel and assumption of risk, including, without limitation, all documents supporting YOUR affirmative defense, and describe how each such DOCUMENT or fact supports YOUR affirmative defense.

**RESPONSE TO INTERROGATORY NO. 21:**

BU objects to this Interrogatory as a premature contention interrogatory to which no final response should be required until after discovery has been completed. The parties have not yet exchanged any documents or engaged in any depositions. BU does not yet have access to all of the facts that form the factual basis of its defenses.

**INTERROGATORY NO. 22:**

Please IDENTIFY all facts supporting YOUR affirmative defense that PLAINTIFFS "fail[] to allege consideration," including, without limitation, all documents supporting Your affirmative defense, and describe how each such DOCUMENT or fact supports YOUR affirmative defense.

**RESPONSE TO INTERROGATORY NO. 22:**

BU objects to this Interrogatory as a premature contention interrogatory to which no final response should be required until after discovery has been completed. The parties have not yet exchanged any documents or engaged in any depositions. BU does not yet have access to all of the facts that form the factual basis of its defenses.

**INTERROGATORY NO. 23:**

Please IDENTIFY all facts supporting YOUR affirmative defense that PLAINTIFFS' claims are barred by frustration of purpose, impracticability, and impossibility of purpose, including, without limitation, all DOCUMENTS supporting YOUR affirmative defense, and describe how each such DOCUMENT or fact supports YOUR affirmative defense.

**RESPONSE TO INTERROGATORY NO. 23:**

BU objects to this Interrogatory as a premature contention interrogatory to which no final response should be required until after discovery has been completed. The parties have not yet exchanged any documents or engaged in any depositions. BU does not yet have access to all of the facts that form the factual basis of its defenses.

**INTERROGATORY NO. 24:**

Assuming YOUR affirmative defense of frustration of purpose, impracticability, and impossibility of purpose is meritorious, please IDENTIFY all facts on which YOU rely in withholding any restitution of tuition and/or fees paid by PLAINTIFFS and/or any other STUDENT or group of STUDENTS, including based on the economic value of any services Boston University actually provided.

**RESPONSE TO INTERROGATORY NO. 24:**

BU objects to this Interrogatory as a premature contention interrogatory to which no final response should be required until after discovery has been completed. The parties have not yet exchanged any documents or engaged in any depositions. BU does not yet have access to all of the facts that form the factual basis of its defenses.

Dated: June 14, 2021

QUINN EMANUEL URQUHART &
SULLIVAN, LLP

By */s/ Alex H. Loomis*

Kathleen M. Sullivan (BBO # 551053)
Crystal Nix-Hines (pro hac vice)
Shon Morgan (pro hac vice)
Marina Lev (pro hac vice)
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Tel. (213) 443-3000
crystalnixhines@quinnemanuel.com
kathleensullivan@quinnemanuel.com
shonmorgan@quinnemanuel.com
marinalev@quinnemanuel.com

Harvey Wolkoff (BBO # 532880)
Alex H. Loomis (BBO# 699129)
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
111 Huntington Avenue, Suite 520
Boston, MA 02199
Tel: (617) 712-7100
harveywolkoff@quinnemanuel.com
alexloomis@quinnemanuel.com

*Attorneys for Defendant,*
*Trustees of Boston University*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 14, 2021, I caused a true and correct copy of the foregoing document to be served via e-mail to all counsel of record who have appeared in this matter..

Dated: June 14, 2021

*/s/ Alex H. Loomis*

Alex H. Loomis