# Exhibit 5

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE: BOSTON UNIVERSITY COVID-19 REFUND LITIGATION | **MASTER FILE NO. 1:20-cv-10827-RGS** |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

**DEFENDANT TRUSTEES OF BOSTON UNIVERSITY'S RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION TO DEFENDANT**

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, defendant Trustees of Boston University ("BU") hereby objects and responds as follows to plaintiffs' March 27, 2021 Requests for Admissions (Nos. 1-20) (the "Requests"). These objections and responses are made based on information reasonably available to BU at the present time. BU reserves the right to supplement these responses if and when additional information becomes available.

**GENERAL RESPONSES**

BU expressly incorporates the following General Responses as though set forth fully for each of the following individual Requests and responses, and—to the extent they are not raised as a specific objection to any particular Request—BU does not waive these objections.

1. BU's Responses to plaintiffs' Requests ("Responses") are made to the best of BU's present knowledge, information, and belief. These Responses are at all times subject to such additional or different information that discovery or further investigation may disclose and, while based on the present state of BU's recollection, are subject to such refreshing of recollection, and such additional knowledge of facts, as may result from BU's further discovery or investigation.

BU reserves the right to make use of, or to introduce at any hearing and trial, information, and/or documents responsive to plaintiffs' Requests but discovered subsequent to the date of these Responses, including, but not limited to, any such information or documents obtained during discovery.

2. BU reserves all objections or other questions as to the competency, relevance, materiality, privilege, or admissibility as evidence in any subsequent proceeding or trial of this or any other action for any purpose whatsoever of BU's Responses herein and any document or thing identified or provided in response to plaintiffs' Requests.

3. BU reserves the right to object on any ground at any time to such other or supplemental Requests as plaintiffs may at any time propound involving or relating to the subject matter of these Requests.

4. BU incorporates each of the following General Objections into its Responses to each of plaintiffs' Requests, whether or not expressly referred to in each such Response.

**GENERAL OBJECTIONS**

The following objections apply to each and every Request propounded by plaintiffs, and are incorporated into each of the specific objections by reference as if set forth fully therein:

1. BU objects to plaintiffs' Definitions as vague, ambiguous, and overly broad, and to the extent that they seek to impose upon BU obligations beyond those required by the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the District of Massachusetts, and any other applicable rules or orders. BU further objects to the Definitions to the extent they seek or require BU to admit to facts regarding information that is not currently in its possession, custody or control.

2. BU further objects to plaintiffs' Definitions to the extent they seek communications and/or documents protected by any applicable privilege.

3. BU objects to each of the Requests to the extent they seek the impressions, conclusions, opinions, legal theories, legal research, and work product of counsel for BU, all of which were formulated in anticipation of litigation.

4. BU objects to each of the Requests to the extent they seek admissions or information that is not within BU possession, custody, or control.

5. BU objects to each of the Requests to the extent they are vague and ambiguous.

6. BU objects to each of the Requests to the extent they seek information for time periods outside of the relevant statutes of limitation.

7. BU objects to each of the Requests to the extent they seek confidential and/or private information, including personally identifiable information.

8. BU objects to each of the Requests as irrelevant and overbroad to the extent they seek information beyond the scope of the case as narrowed by the Court's January 7, 2021 order, which recognized that plaintiffs cannot challenge the "quality of the instruction they received, Dkt. 63 at 6 n.5, and as narrowed by plaintiffs' admissions that they do not challenge the "*quality* of the online education" BU provided," Dkt. 62 at 3 (internal citations omitted), and as narrowed by plaintiffs' admission that their contract claims are predicated entirely on "invoices demanding payment and course registration materials," *id.* at 2.

9. BU objects to each of the Requests to the extent they refer to or rely on any complaint other than the Second Consolidated Amended Class Action Complaint (Nov. 18, 2020) (Dkt. 49).

10. BU objects to plaintiffs' definition of "Students." Defining "Students" to include non-parties to the case is premature until the Court determines if this case can proceed on a class

basis and, if so, the scope of any class certified As used herein, the term "Students" will refer to plaintiffs that were enrolled at BU in the Spring 2020 semester.

11. BU objects to terms such as "designed" as vague and ambiguous.

12. BU objects to plaintiffs' definition of the Relevant Time Period as the period from January 1, 2015 through the present. Plaintiffs' claims arise out of BU's transition to remote instruction in the Spring 2020 semester, long after January 1, 2015. For these responses, the Relevant Time Period will be the period of September 1, 2019 to the present unless otherwise specified.

## RESPONSES TO REQUESTS FOR ADMISSION

**REQUEST NO. 1:**

Admit that all named PLAINTIFFS in this litigation enrolled for the Spring Semester 2020, pursuant to the procedures required for enrollment.

**RESPONSE TO REQUEST NO. 1:**

BU incorporates by reference all of its General Objections as if fully set forth herein. BU further objects that the terms "procedures required for enrollment" are vague and ambiguous.

Subject to the foregoing, denied on the grounds that Valaauina Silulu was not a student and did not enroll for the Spring 2020 semester. BU admits that all other plaintiffs enrolled at BU for Spring Semester 2020.

**REQUEST NO. 2:**

Admit that all named PLAINTIFFS in this litigation paid all invoiced tuition and mandatory student fees for the Spring Semester 2020.

**RESPONSE TO REQUEST NO. 2:**

BU incorporates by reference all of its General Objections as if fully set forth herein. BU further objects that the term "invoiced" is vague and ambiguous.

Subject to the foregoing, BU admits that all named plaintiffs in this litigation paid all tuition and mandatory student fees that they were billed for the Spring Semester 2020.

**REQUEST NO. 3:**

Admit that on March 17, 2020, YOU informed all BU students, including named PLAINTIFFS in this litigation, that the remainder of the Spring Semester 2020 would be limited to online-only coursework.

**RESPONSE TO REQUEST NO. 3:**

BU incorporates by reference all of its General Objections as if fully set forth herein. BU further objects that the terms "limited" and "online-only coursework" are vague and ambiguous.

Subject to the foregoing, admitted.

**REQUEST NO. 4:**

Admit that prior to the Spring Semester 2020, YOU did not offer a full-time online undergraduate option, but instead administered only an online undergraduate degree completion program and a limited number of online graduate and certificate programs as described under "Boston University's Online Degree and Certificate Programs" at https://www.bu.edu/online/programs/.

**RESPONSE TO REQUEST NO. 4:**

BU incorporates by reference all of its General Objections as if fully set forth herein. BU further objects that the terms "offer," "full-time," and "online undergraduate option," and "degree completion program" are vague and ambiguous. BU further objects to this Request to the extent

that it is argumentative, as it wrongly implies that BU offered "a full-time online undergraduate option" during and after the Spring 2020 Semester. BU has never offered a "full-time online undergraduate option."

Subject to the foregoing, admitted.

**REQUEST NO. 5:**

Admit that the online-only courses referred to in Request For Admission No. 4 were designed from their inception to be taught and delivered online.

**RESPONSE TO REQUEST NO. 5:**

BU incorporates by reference all of its General Objections as if fully set forth herein. BU objects that the terms "designed," "inception," and "delivered online" are vague and ambiguous.

Subject to the foregoing, BU admits that the online-only courses referred to in Request for Admission No. 4 were and have always been taught online.

**REQUEST NO. 6:**

Admit that the online-only courses referred to in Request For Admission No. 4 were designed via a collaboration between Boston University's Distance Education office, which "consists of a team of instructional designers, media producers, and support staff who specialize in online education, and faculty members across BU."

**RESPONSE TO REQUEST NO. 6:**

BU incorporates by reference all of its General Objections as if fully set forth herein. BU objects that the terms "designed" and "collaboration" are vague and ambiguous.

Subject to the foregoing, BU admits that BU's Distance Education office serves as a resource for all faculty who would like to offer an online program or course and that the University's Office of Distance Education designed and produced these courses.

**REQUEST NO. 7:**

Admit that YOU did not consult or enlist instructional designers, media producers, and support staff who specialize in online education affiliated with Boston University's Distance Education office when transitioning all Spring Semester 2020 courses other than those referred to in Request For Admission No. 4 to an online format.

**RESPONSE TO REQUEST NO. 7:**

BU incorporates by reference all of its General Objections as if fully set forth herein. BU objects that the terms "consult," "enlist," and "specialize" are vague and ambiguous. BU further objects to this Request to the extent that it is argumentative, as faculty have the option of consulting with BU's Distance Education office for all online instruction.

Accordingly, denied.

**REQUEST NO. 8:**

Admit that, for all Spring Semester 2020 courses other than those referred to in Request For Admission No. 4, YOU did not provide training for professors and/or course instructors in the development of an online curriculum.

**RESPONSE TO REQUEST NO. 8:**

BU incorporates by reference all of its General Objections as if fully set forth herein. BU objects that the terms "training," "provide," "development," and "online" are vague and ambiguous. BU further objects that this Request is irrelevant to the extent that it seeks admissions regarding the quality of BU's instruction during the Spring 2020 semester. BU further objects to this Request to the extent that it is argumentative, as it improperly assumes that specific online curriculums were required for the Spring 2020 courses. BU further objects that training opportunities were available for professors and/or course instructors to assist with the transition to remove instruction.

Accordingly, denied.

**REQUEST NO. 9:**

Admit that for Spring Semester 2020, BU's WebReg displayed different deadlines for payments and to finalize schedules for "Classroom" STUDENTS compared to "Online" STUDENTS.

**RESPONSE TO REQUEST NO. 9:**

BU incorporates by reference all of its General Objections as if fully set forth herein. BU objects that the terms "finalize" and "schedules" are vague and ambiguous. BU further objects to this Request to the extent that it is argumentative, as it wrongly implies that all students using the WebReg tool were exposed to different payment and scheduling deadlines. BU further states that students were exposed to the payment and scheduling deadlines only for the programs in which they had previously enrolled. BU further objects to this Request as argumentative, to the extent it wrongly implies that BU has "Classroom" students that differ from "Online" students.

Subject to the foregoing, BU admits that students enrolled in its online-only graduate degree and online completion programs had different payment and scheduling deadlines than the students enrolled in its other programs. BU denies that the WebReg tool displayed to plaintiffs payment deadlines but admits that the WebReg tool displayed add/drop deadlines that are specific to the course for non-standard and online courses if those courses do not follow the standard calendar. BU denies that WebReg described any courses as "Classroom" courses or students as "Classroom" students.

**REQUEST NO. 10:**

Admit that YOU charge a lower tuition per credit for the online-only courses referred to in Request For Admission No. 4 as compared to courses that occur in in-person.

**RESPONSE TO REQUEST NO. 10:**

BU incorporates by reference all of its General Objections as if fully set forth herein. BU objects that the terms "courses that occur in in-person" are vague and ambiguous. BU further objects to this Request to the extent that it is argumentative, as it wrongly implies that BU guarantees that its courses "occur in person."

Subject to the foregoing, admitted.

**REQUEST NO. 11:**

Admit that for Spring Semester 2020, BU's WebReg allowed STUDENTS to enroll in "Classroom" courses for which each course was listed with a description, meeting time, and physical classroom location.

**RESPONSE TO REQUEST NO. 11:**

BU incorporates by reference all of its General Objections as if fully set forth herein. BU further objects that the meeting time and physical classroom location could change after students registered for classes through the WebReg portal. BU further objects to this Request as argumentative, to the extent it wrongly implies that BU has "Classroom" courses or students.

Subject to the foregoing, BU admits that the WebReg tool listed planned classroom locations, course descriptions, and meeting times during Spring 2020. BU denies that WebReg described any courses as "Classroom" courses or students as "Classroom" students.

**REQUEST NO. 12:**

Admit that STUDENTS who registered via WebReg for "Classroom" courses held during Spring Semester 2020 were provided with syllabi for each course, listing course meeting times and physical locations, and physical locations and times for professor and teaching assistant office hours.

**RESPONSE TO REQUEST NO. 12:**

BU incorporates by reference all of its General Objections as if fully set forth herein. BU objects that the term "provided" is vague and ambiguous. BU further objects that it does not provide any syllabi to students for the courses; professors prepare and provide these syllabi and list the course meeting times, physical locations, and meeting times and locations of office hours. BU further states that these meeting times and locations were subject to change. BU further objects to this Request as argumentative, to the extent it wrongly implies that BU has "Classroom" courses or students.

Subject to the foregoing, BU admits that many students who registered for some courses were provided syllabi. BU lacks knowledge or information sufficient to admit or deny whether all students received syllabi for every course, or whether all syllabi included meeting times and locations for courses or office hours. BU denies that WebReg described any courses as "Classroom" courses.

**REQUEST NO. 13:**

Admit that STUDENTS who registered via WebReg for "Classroom" courses held during Spring Semester 2020 were subject to mandatory course attendance requirements in order to receive course credits.

**RESPONSE TO REQUEST NO. 13:**

BU incorporates by reference all of its General Objections as if fully set forth herein. BU objects that the terms "were subject to" and "mandatory course attendance requirements" are vague and ambiguous. BU further objects that it does not impose any mandatory course attendance requirements on all students, and that any such requirements are imposed by programs or professors. BU further objects to this Request as argumentative, to the extent it suggests that "mandatory course attendance requirements" could be satisfied only with physical, in-classroom

attendance. BU further objects to this Request as argumentative, to the extent it wrongly implies that BU has "Classroom" courses that differ from "Online" courses. BU denies that WebReg described any courses as "Classroom" courses or students as "Classroom" students.

Subject to the foregoing, BU lacks knowledge or information sufficient to admit or deny Request No. 13.

**REQUEST NO. 14:**

Admit that STUDENTS who registered via WebReg for "Classroom" courses held during Spring Semester 2020 received syllabi for each course, and that certain of such course syllabi explicitly reference in-person attendance, including but not limited to personal attendance requirements for lectures, discussion sections, and/or laboratory sessions.

**RESPONSE TO REQUEST NO. 14:**

BU incorporates by reference all of its General Objections as if fully set forth herein. BU objects that the terms "personal attendance requirements" are vague and ambiguous. BU further objects that any personal attendance requirements are imposed by professors, not by BU. BU further objects to this Request as argumentative, to the extent it suggests that "personal attendance requirements" could be satisfied only with physical, in-classroom attendance. BU further objects to this Request as argumentative, to the extent it wrongly implies that BU has "Classroom" courses. BU denies that WebReg described any courses as "Classroom" courses or students as "Classroom" students.

Subject to the foregoing, BU admits that some courses held during Spring Semester 2020 referenced personal attendance requirements, and that students in the Spring 2020 semester received syllabi for each course.

**REQUEST NO. 15:**

Admit that YOU closed campus facilities, including all student residence halls, student dining facilities, the George Sherman Union, East Campus Student Service Center, Fitness & Recreation Center normally accessible to STUDENTS, resulting in the inability of STUDENTS to access campus facilities during the Spring Semester 2020.

**RESPONSE TO REQUEST NO. 15:**

BU incorporates by reference all of its General Objections as if fully set forth herein. BU further objects that the terms "closed," "campus facilities," "inability," and "access" are vague and ambiguous. BU further objects to this Request as argumentative, to the extent it wrongly implies that closing campus facilities denied or limited student access to university services. BU further denies that campus facilities were fully inaccessible to all students, as some facilities remained open for some students who were unable to return home during the COVID-19 pandemic.

Accordingly, denied.

**REQUEST NO. 16:**

Admit that the Student Services Fee, Community Service Fee, Health & Wellness Fee, and Sports Pass Fee are used to offset the cost of operating campus facilities and services available to enrolled students.

**RESPONSE TO REQUEST NO. 16:**

BU incorporates by reference all of its General Objections as if fully set forth herein. BU further objects that the terms "offset," "cost," and "available" are vague and ambiguous. BU further objects to this Request as argumentative, to the extent that it implies that the cost of operating these campus facilities and services changed during the COVID-19 pandemic. BU further objects to this Request as argumentative, to the extent that it wrongly implies that these

fees are solely allocated to particular on-campus facilities and activities. BU further objects to this Request as argumentative, to the extent it wrongly implies that the facilities and services that these fees support ceased to operate after the transition to remote learning.

Subject to the foregoing, BU admits that some of the fees referenced in Request No. 16 are used to offset the cost of operating campus facilities and services.

**REQUEST NO. 17:**

Admit that YOU have never provided any refunds of tuition and mandatory student fees (other than partial refunds of student housing fees) charged to student accounts for Spring Semester 2020.

**RESPONSE TO REQUEST NO. 17:**

BU incorporates by reference all of its General Objections as if fully set forth herein. Subject to the foregoing, admitted.

**REQUEST NO. 18:**

Admit that when STUDENTS accepted YOUR offer of admission, YOU asked them to review a "next steps checklist" that included "attend an Open House program on campus," "submit your New Student Housing Application," "order your extra-long sheets and other dorm essentials," "take the T to explore the city of Boston," and "contact your future roommate."

**RESPONSE TO REQUEST NO. 18:**

BU incorporates by reference all of its General Objections as if fully set forth herein. BU further objects that the terms "asked" and "review" are vague and ambiguous. BU further objects that this "next steps checklist" from which this Request quotes was sent to prospective undergraduate students only, and incorrectly implies that all BU programs include such a "next steps checklist."

Subject to the foregoing, admitted.

**<u>REQUEST NO. 19</u>:**

Admit that when STUDENTS accepted YOUR offer of admission, they were required to attend a new student orientation comprising multiple sessions that each took place on YOUR campus.

**<u>RESPONSE TO REQUEST NO. 19</u>:**

BU incorporates by reference all of its General Objections as if fully set forth herein. BU further objects to this Request as vague and ambiguous to the extent that it fails to specify when BU imposed these requirements. BU further objects to this Request as argumentative, to the extent that it wrongly implies that students that failed to attend student orientation suffered any adverse consequences.

Subject to the foregoing, BU admits that it was its general practice before Spring 2020 to offer on-campus orientation for prospective students.

**<u>REQUEST NO. 20</u>:**

Admit that BU promoted to prospective students at least its on-campus facilities, on-campus academic and extracurricular experiences, and the benefits of BU's location in Boston's urban environment via its website and printed materials.

**<u>RESPONSE TO REQUEST NO. 20</u>:**

BU incorporates by reference all of its General Objections as if fully set forth herein. BU objects that the terms "promoted," "academic and extracurricular experiences, "benefits," and "Boston's urban environment" are vague and ambiguous.

Subject to the foregoing, admitted.

Dated: June 14, 2021

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By */s/ Alex H. Loomis*

Kathleen M. Sullivan (BBO # 551053)
Crystal Nix-Hines (pro hac vice)
Shon Morgan (pro hac vice)
Marina Lev (pro hac vice)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Tel. (213) 443-3000
crystalnixhines@quinnemanuel.com
kathleensullivan@quinnemanuel.com
shonmorgan@quinnemanuel.com
marinalev@quinnemanuel.com

Harvey Wolkoff (BBO # 532880)
Alex H. Loomis (BBO# 699129)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
111 Huntington Avenue, Suite 520
Boston, MA 02199
Tel: (617) 712-7100
harveywolkoff@quinnemanuel.com
alexloomis@quinnemanuel.com

*Attorneys for Defendant,*
*Trustees of Boston University*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 14, 2021, I caused a true and correct copy of the foregoing document to be served via e-mail to all counsel of record who have appeared in this matter..

Dated: June 14, 2021

*/s/ Alex H. Loomis*

Alex H. Loomis