# Exhibit 16

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: BOSTON UNIVERSITY COVID-19 REFUND LITIGATION | **MASTER FILE NO. 1:20-cv-10827-RGS** |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

**PLAINTIFFS NATALIE SILULU AND VALAAUINA SILULUS'S OBJECTIONS AND RESPONSES TO DEFENDANT TRUSTEES OF BOSTON UNIVERSITY'S FIRST SET OF REQUESTS FOR ADMISSION (NOS. 1-23)**

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure and the applicable Local Civil Rules for the United States District Court for the District of Massachusetts, Plaintiffs Natalie Silulu and Valaaunia Silulu ("Plaintiffs"), by and through their attorneys, Berger Montague PC, hereby respond to Defendant Trustees of Boston University's First Set of Requests for Admission (Nos. 1-23) (collectively, "Requests"), as follows:

## GENERAL OBJECTIONS

Each of Plaintiffs' responses, in addition to any specifically stated objections, is subject to and incorporates the following General Objections. The assertion of the same, similar, or additional objections, or a partial response to an individual Request does not waive any of Plaintiffs' General Objections.

1. Plaintiffs object to these Requests to the extent that they are overbroad and unduly burdensome and impose obligations in excess of those imposed by the Federal Rules of Civil Procedure.

2. Plaintiffs object to these Requests to the extent that they seek to impose burdens or obligations inconsistent with, or in excess of, those imposed by the Federal Rules of Civil Procedure, the Local Rules of Civil Procedure of the United States District Court for the District of Massachusetts ("Local Rules"), or any other applicable rules and statutes. Plaintiffs will respond to each of the Requests in accordance with the Federal and Local Rules.

3. Plaintiffs object to these Requests to the extent that they seek information that is neither relevant to the claims or defenses of any party to this litigation, nor reasonably calculated to lead to the discovery of admissible evidence.

4. Plaintiffs object to these Requests to the extent that they seek information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege, protection, or immunity. No information subject to such privilege, protection, or immunity will be provided.

5. The inadvertent disclosure by Plaintiffs of information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege, protection, or immunity, shall not constitute a waiver by Plaintiffs of such protection.

6. In response to these Requests, Plaintiffs do not concede that any of the responses or information contained herein is relevant or admissible. Plaintiffs reserve the right to object, on the grounds of competency, privilege, relevance, materiality, or otherwise, to the use of this information for any purpose, in whole or in part, in this action or in any other action.

7. Plaintiffs object to these Requests to the extent that they call for legal conclusions. *See e.g.*, *Vernet v. Serrano-Torres*, No. 00-2559 (DRD), 2013 WL 12350557, at *1 (D. P.R. Jan. 30, 2013) (finding "it [] impermissible to seek admissions as to legal conclusions.")

8. Plaintiffs object to any Request that employs imprecise specifications of the information sought as vague and ambiguous.

9. Unless otherwise stated, Plaintiffs will not provide any information encompassed by the foregoing objections.

10. The following Responses reflect Plaintiffs' present knowledge, information, and belief, and may be subject to change or modification based on Plaintiffs' further discovery, or facts or circumstances which may come to Plaintiffs' knowledge. Discovery in this case is ongoing and is only in the early stages. Plaintiffs specifically reserve the right to further supplement, amend, or otherwise revise the Responses to these Requests in accordance with Fed. R. Civ. P. 26(e).

## RESPONSES TO REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:**

Admit that the Course Syllabi do not expressly guarantee the right to in-person classes or services.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

In addition to the foregoing General Objections, Plaintiffs object to the Request as vague and ambiguous in that it includes a term, "Course Syllabi," defined as any "academic document that communicates pedagogical information about a particular course and describes the content and nature of the course," which can be provided by any institution or otherwise located anywhere in the world, whether or not Plaintiff Natalie Silulu was enrolled in the course. Plaintiffs also object to the defined term "Course Syllabi" as overly broad and unduly burdensome in that it is not limited to courses in which Plaintiff has been or is currently enrolled, is not even limited to courses offered by Defendant, and relates to a time period without a defined starting point. Plaintiffs further object to the undefined, vague, and ambiguous term "expressly guarantee." As set forth in Plaintiffs' operative complaint, BU promises to provide in-person courses and access to in-person services and events in connection with students' obligation to pay BU's tuition and fees. BU presents such promises in multiple locations that must be read together and not in isolation. But, in any event, BU's promises of in-

person courses and access to in-person services and events in connection with students' obligation to pay BU's tuition and fees, without an appropriate reservation of rights not to deliver such services and events in person, is binding irrespective of whether it constitutes an "express guarantee." Thus, to the extent this Request seeks a legal conclusion beyond the binding nature of BU's promises as set forth in the materials described in the Complaint, the Request seeks irrelevant and thus unduly burdensome information.. Plaintiffs further object to the Request as premature—discovery only recently commenced in this case; these Requests are the first type of discovery propounded by Defendant on Plaintiffs.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiffs deny this Request. Syllabi for  courses in which Plaintiff Natalie Silulu was registered did indicate that instruction would be in person at a particular place and time.

**<u>REQUEST FOR ADMISSION NO. 2</u>:**

Admit that Boston University's Course Registration System does not expressly guarantee the right to in-person classes or services.

**<u>RESPONSE TO REQUEST FOR ADMISSION NO. 2</u>:**

In addition to the foregoing General Objections, Plaintiffs object to the Request as vague and ambiguous in that it includes a term, "Course Registration System," defined as "WebReg, the registration system Boston University uses to permit students to select and register for courses each semester," which could refer to only the software system itself or also to information contained within the system, including, for example, specifics for hundreds if not thousands of unique courses available for student registration on the WebReg platform. Plaintiffs also object to the defined term "Course Registration System" as overly broad and unduly burdensome in that it is not limited to courses in which Plaintiff Natalie Silulu has been or is currently enrolled and relates to a time period without a defined starting point. Plaintiffs further object to the undefined, vague, and ambiguous term

"expressly guarantee." As set forth in Plaintiffs' operative complaint, BU promises to provide in-person courses and access to in-person services and events in connection with students' obligation to pay BU's tuition and fees. BU presents such promises in multiple locations that must be read together and not in isolation. But, in any event, BU's promises of in-person courses and access to in-person services and events in connection with students' obligation to pay BU's tuition and fees, without an appropriate reservation of rights not to deliver such services and events in person, is binding irrespective of whether it constitutes an "express guarantee." Thus, to the extent this Request seeks a legal conclusion beyond the binding nature of BU's promises as set forth in the materials described in the Complaint (including, without limitation, the Course Registration System), the Request seeks irrelevant and thus unduly burdensome information.. Plaintiffs further object to the Request as premature—discovery only recently commenced in this case; these Requests are the first type of discovery propounded by Defendant on Plaintiffs.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiffs deny this Request. When Plaintiff Natalie Silulu registered for classes the Course Registration System indicated classes would be offered in person for duration of the semester on specific days at specific times in specific locations. Discovery and investigation are continuing.

**REQUEST FOR ADMISSION NO. 3:**

Admit that Boston University's Fee Descriptions do not expressly guarantee the right to in-person classes or services.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

In addition to the foregoing General Objections, Plaintiffs object to the Request as vague and ambiguous in that it includes a term, "Fee Descriptions," defined as "information that BU's accounting office provides to students describing the rationale for fees assessed, as cited in Plaintiffs' complaint," where Plaintiffs complaint does not reference the BU accounting office. Plaintiffs also

object to the Request as overly broad and unduly burdensome in that it relates to a time period without a defined starting point. Plaintiffs further object to the undefined, vague, and ambiguous term "expressly guarantee." As set forth in Plaintiffs' operative complaint, BU promises to provide access to certain in-person services and events in connection with students' obligation to pay BU's fees. BU's promises in that regard, without an appropriate reservation of rights not to deliver such services and events in person, is binding irrespective of whether it constitutes an "express guarantee." Thus, to the extent this Request seeks a legal conclusion beyond the binding nature of BU's promise as set forth in its fee descriptions, the Request seeks irrelevant and thus unduly burdensome information. . Plaintiffs further object to the Request as premature—discovery only recently commenced in this case; these Requests are the first type of discovery propounded by Defendant on Plaintiffs.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiffs deny this request.

**REQUEST FOR ADMISSION NO. 4:**

Admit that no part of Boston University's website expressly guarantees the right to in-person classes or services.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

In addition to the foregoing General Objections, Plaintiffs object to the Request as overly broad and unduly burdensome in that relates to a time period without a defined starting point. Plaintiffs further object to the undefined term "Boston University's website" as vague and ambiguous because it is unclear whether such "website" includes all remotely accessible systems and pages BU publishes, *e.g.*, the Course Registration System. Plaintiffs further object to the undefined, vague, and ambiguous term "expressly guarantee." As set forth in Plaintiffs' operative complaint, BU promises to provide in-person courses and access to in-person services and events in connection with students' obligation to pay BU's tuition and fees. BU presents such promises in multiple locations that must

be read together and not in isolation. But, in any event, BU's promises of in-person courses and access to in-person services and events in connection with students' obligation to pay BU's tuition and fees, without an appropriate reservation of rights not to deliver such services and events in person, is binding irrespective of whether it constitutes an "express guarantee." Thus, to the extent this Request seeks a legal conclusion beyond the binding nature of BU's promises as set forth in the materials described in the Complaint, the Request seeks irrelevant and thus unduly burdensome information.. Plaintiffs further object to the Request as premature—discovery only recently commenced in this case; these Requests are the first type of discovery propounded by Defendant on Plaintiffs.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiffs deny this Request and incorporate Plaintiffs' responses to Request Nos. 1-3.Discovery and investigation are continuing.

**REQUEST FOR ADMISSION NO. 5:**

Admit that you were bound by the terms of University policies and procedures, including the Bulletin, Lifebook, and Academic Policies applicable to your respective course of study.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

In addition to the foregoing General Objections, Plaintiffs object to the Request as vague and ambiguous in that it includes a phrase, "Bulletin, Lifebook, and Academic Policies," defined as "Boston University documents made available to students that structures the relationship between the school and students in that particular course of study," which could refer to any number of unspecified documents made available to Plaintiff during her particular course of study. Plaintiffs also object to the defined term "Bulletin, Lifebook, and Academic Policies" as overly broad and unduly burdensome in that it relates to a time period without a defined starting point. Plaintiffs further object to the term "you," defined as "Julia Dutra, Gabriella Dube, Shakura Cox, Valaauina Silulu,

Natalie Silulu, Olivia Bornstein, and Venus Tran," where Plaintiffs can and will only respond as to Plaintiffs' personal knowledge and will not purport to respond as to the knowledge of others. Plaintiffs further object to the Request as seeking a legal conclusion and as premature—discovery only recently commenced in this case; these Requests are the first type of discovery propounded by Defendant on Plaintiffs.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiffs state that after a diligent investigation, they can neither admit or deny this Request, and denies that the Tuition Refund Policy or any reservations of rights are applicable to Plaintiff's allegations. For example, it is not clear how BU communicated to students that binding policies and procedures would be located in particular places sufficient to make such policies and procedures binding. Discovery and investigation are continuing. Plaintiffs are willing to meet and confer with BU to endeavor to provide a further response as to specifically identified policies and procedures communicated to students in particular ways.

**REQUEST FOR ADMISSION NO. 6:**

Admit that you did not withdraw from Boston University by the applicable deadlines specified in the Tuition Refund Policy applicable to your respective program of study.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

In addition to the foregoing General Objections, Plaintiffs object to the term "you," defined as "Julia Dutra, Gabriella Dube, Shakura Cox, Valaauina Silulu, Natalie Silulu, Olivia Bornstein, and Venus Tran," where Plaintiffs can and will only respond as to Plaintiffs' personal knowledge and will not purport to respond as to the knowledge of others. Plaintiffs also object to the Request as overly broad and unduly burdensome in that it is not limited to a particular period of time or semester. Subject to and without waiving the foregoing General and Specific Objections, Plaintiffs admit this Request only as it relates to the withdrawal deadline for the Spring 2020 semester, but otherwise

denies that the Tuition Refund Policy is applicable to Plaintiff's allegations.

**REQUEST FOR ADMISSION NO. 7:**

Admit that your payment of tuition did not guarantee you the right to register for any particular course.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

In addition to the foregoing General Objections, Plaintiffs object to the Request as vague and ambiguous in that it includes a term, "payment of tuition," without reference to whom and which institution tuition was paid. Plaintiffs also object to the term "you," defined as "Julia Dutra, Gabriella Dube, Shakura Cox, Valaauina Silulu, Natalie Silulu, Olivia Bornstein, and Venus Tran," where Plaintiffs can and will only respond as to Plaintiffs' personal knowledge and will not purport to respond as to the knowledge of others. Plaintiffs further object to the Request as overly broad and unduly burdensome in that it is not even limited to courses offered by Defendant, and relates to a time period without a defined starting point. Plaintiffs further object to the Request as calling for a legal conclusion insofar as it seeks a conclusion of law as an admission, *i.e.*, whether "payment of tuition" "guarantee[d] [Plaintiffs] the right to register for any particular course." Plaintiffs also object to this Request as calling for irrelevant, and thus unduly burdensome, information because the issue in this case is not whether tuition payments guarantee a student registration for a particular course. Rather, students pay tuition to gain access to the right to register for BU courses more generally towards a BU degree, and thus the issue is whether a student's registration for the particular courses based on BU's representations concerning those courses entitles the student to take those courses on the offered terms. Plaintiffs further object to the Request as premature—discovery only recently commenced in this case; these Requests are the first type of discovery propounded by Defendant on Plaintiffs.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiffs

admit in part and deny in part. Plaintiffs admit that Defendant's statement that payment of tuition did not guarantee Plaintiffs the right to register for a particular course, however, if a student pays tuition and registers for a course for which the Course Registration System states will be held on particular day(s), at particular time(s), in a particular physical location(s) for duration of the semester, Plaintiffs deny that BU did not contractually obligate itself to provide the course on those terms.

**REQUEST FOR ADMISSION NO. 8:**

Admit that the Community Service Fee is allocated to support student organizations, programs, and services.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

In addition to the foregoing General Objections, Plaintiffs object to the Request as vague and ambiguous in that it includes the phrase "Community Service Fee is allocated to support student organizations, programs, and services," where the provided definition of "Community Service Fee"—the "$60 fee that Boston University charged students and allocated directly to support student organizations, programs, and services during the Spring 2020 term"—characterizes fee allocation and support for student organizations, programs and services for which Plaintiffs have no first-hand knowledge.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiffs state that after making a diligent effort to review relevant information, the information known or readily available to them is insufficient to enable Plaintiffs to admit or deny this Request. Plaintiffs admit that Defendant asserts that:

> Under the direction of the Dean of Students, 100% of revenue collected through this fee is allocated directly to support student programs, which foster and engage the community. The Student Allocations Board, Programming Council and Residence Hall Associations/Student Government distribute the majority of these funds to approximately 500 student groups and organizations. Any student program funds not used by the end of a current fiscal year may be carried over to the subsequent year with the approval of the Dean of Students.

However, Plaintiffs do not have personal knowledge of or access to the Boston University administration's Community Service Fee allocation decisions, rationale or any other relevant background thereof, including whether any such allocation supports student organizations, programs, and services. As such, Plaintiffs state that despite their reasonable efforts, they have insufficient knowledge to respond with any certainty whether the Community Service Fee is allocated to support student organizations, programs, and services. Discovery and investigation are continuing.

**REQUEST FOR ADMISSION NO. 9:**

Admit that BU did not require student organizations, programs, and services to cease operating in the Spring 2020 semester.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

In addition to the foregoing General Objections, Plaintiffs object to the Request as premature—discovery only recently commenced in this case; these Requests are the first type of discovery propounded by Defendant on Plaintiffs.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiffs state that after making a diligent effort to review relevant information, the information known or readily available to them is insufficient to enable Plaintiffs to admit or deny this Request. Although Plaintiffs have made reasonable efforts to review relevant information, Plaintiffs also does not have access to all historical Boston University website information, which is likely frequently updated and revised with content added and removed, that was active during the Spring 2020 semester. In addition, even if BU did not require student organizations, programs, and services to cease operating—which Plaintiffs' lack of personal knowledge prevents Plaintiffs from presently admitting or denying—BU made it functionally impossible to operate student organizations, programs and services when students were prohibited from accessing the campus. As such, Plaintiffs state that despite their reasonable efforts, they have insufficient knowledge to fully or completely respond with any certainty

whether BU required student organizations, programs, and services to cease operating in the Spring 2020 semester. However, since the Boston University campus was closed, Plaintiffs admit that student organizations, programs, services that require campus facilities were required to cease operating, and/or students could no longer access such student organizations, programs, services at those facilities. Discovery and investigation are continuing.

**REQUEST FOR ADMISSION NO. 10:**

Admit that the Student Services Fee is allocated to support network services, student center services, and student support services.

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

In addition to the foregoing General Objections, Plaintiffs object to the Request as vague and ambiguous in that it includes the phrase "Student Services Fee is allocated to support network services, student center services, and student support services," where the provided definition of "Student Services Fee"—the "$307 fee that Boston University charged students during the Spring 2020 term to support student service operations and technology resources across campus including, but not limited to, services at the George Sherman Union, East Campus Student Service Center, Residence Halls and other such student support spaces as well as campus network services"—characterizes fee allocation and support for network services, student center services, and student support services for which Plaintiffs have no first-hand knowledge.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiffs state that after making a diligent effort to review relevant information, the information known or readily available to them is insufficient to enable Plaintiffs to admit or deny this Request. Although Defendant has stated that:

> Proceeds from this mandatory fee are allocated to support student service operations and technology resources across campus including, but not limited to, services at the George Sherman Union, East Campus Student Service Center, Residence Halls and other such student support spaces as well as campus network

services

Plaintiffs do not have personal knowledge of or access to the Boston University administration's Student Services Fee allocation decisions, rationale or any other relevant background thereof, including whether any such allocation supports network services, student center services, and student support services. As such, Plaintiff state that despite their reasonable efforts, they have insufficient knowledge to respond with any certainty whether the Student Services Fee is allocated to support network services, student center services, and student support services. Discovery and investigation are continuing.

**REQUEST FOR ADMISSION NO. 11:**

Admit that BU did not require network services, student center services, and student support services to stop operating in the Spring 2020 semester.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

In addition to the foregoing General Objections, Plaintiffs object to the Request as premature—discovery only recently commenced in this case; these Requests are the first type of discovery propounded by Defendant on Plaintiffs.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiffs state that after making a diligent effort to review relevant information, the information known or readily available to her is insufficient to enable Plaintiffs to admit or deny this Request. Although Plaintiffs have made reasonable efforts to review relevant information, Plaintiffs also do not have access to historical Boston University website information—likely frequently updated and revised with content added and removed—that was active during the Spring 2020 semester. In addition, even if BU did not require network services, student center services, and student support services to cease operating—which Plaintiffs' lack of personal knowledge prevents Plaintiffs from presently admitting or denying—BU made it functionally impossible to operate network services, student center services,

and student support services when students were prohibited from accessing the campus. As such, Plaintiffs state that despite their reasonable efforts, they have insufficient knowledge to respond with any certainty whether BU required network services, student center services, and student support services to stop operating in the Spring 2020 semester. However, since the Boston University campus was closed Plaintiffs admit they could no longer access the network services, student center services, and student support services at campus facilities. Discovery and investigation are continuing.

**REQUEST FOR ADMISSION NO. 12:**

Admit that the Health & Wellness Fee is allocated to help offset the cost of counselling and wellness education, and holistic harm-reduction services.

**RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

In addition to the foregoing General Objections, Plaintiffs object to the Request as vague and ambiguous in that it includes as to phrase "Health & Wellness Fee is allocated to help offset the cost of counselling and wellness education, and holistic harm-reduction services," where the provided definition of "Health and Wellness Fee"—the "$219 fee Boston University charged students during the Spring 2020 term to help offset the costs of student health services, wellness & prevention services such as counselling and wellness education, and holistic harm-reduction services"—characterizes fee allocation and offsetting costs for counselling and wellness education, and holistic harm-reduction services for which Plaintiffs have no first-hand knowledge.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiffs state that after making a diligent effort to review relevant information, the information known or readily available to them is insufficient to enable Plaintiffs to admit or deny this Request. Although Defendant has stated that:

> Proceeds from this mandatory fee help offset the cost of student Health Services clinic at 881 Commonwealth Avenue as well as the Fitness & Recreation Center and their satellite operations. Wellness & prevention services promote physical and emotional well-being among students through comprehensive programming, peer

> health support, connection to resources, sharing accurate and relevant health information, and providing consultation and care for students struggling with substance misuse. Holistic services provided minimize the risk of illness, injury, and harm all while establishing a foundation for students to optimize their capacity to learn, reach their potential, and achieve their goals both inside and outside of the classroom.

Plaintiffs do not have personal knowledge of or access to the Boston University administration's Health & Wellness Fee allocation decisions, rationale or any other relevant background thereof, including whether any such allocation helps offset the cost of counselling and wellness education, and holistic harm-reduction services. As such, Plaintiffs state that despite their reasonable efforts, they have insufficient knowledge to respond with any certainty whether the Health & Wellness Fee is allocated to help offset the cost of counselling and wellness education, and holistic harm-reduction services.

**REQUEST FOR ADMISSION NO. 13:**

Admit that BU continued to offer counselling and wellness education, and holistic harm-reduction services throughout the Spring 2020 semester.

**RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

In addition to the foregoing General Objections, Plaintiffs object to the Request as premature—discovery only recently commenced in this case; these Requests are the first type of discovery propounded by Defendant on Plaintiffs.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiffs state that after making a diligent effort to review relevant information, the information known or readily available to her is insufficient to enable Plaintiffs to admit or deny this Request. Although Plaintiffs have made reasonable efforts to review relevant information, Plaintiffs do not have personal knowledge of or access to the Boston University administration's decisions, rationale or any other relevant background relating to offering counselling and wellness education, and holistic harm-reduction services throughout the Spring 2020 semester. In addition, Plaintiffs do not have access to

historical Boston University website information—likely frequently updated and revised with content added and removed—that was active during the Spring 2020 semester. As such, Plaintiffs state that despite their reasonable efforts, they have insufficient knowledge to respond with any certainty whether BU continued to offer counselling and wellness education, and holistic harm-reduction services throughout the Spring 2020 semester. Discovery and investigation are continuing.

**REQUEST FOR ADMISSION NO. 14:**

Admit that BU changed its curriculum, mode of instruction, and services in March 2020 in response to the global COVID-19 pandemic.

**RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

In addition to the foregoing General Objections, Plaintiffs object to the Request as compound. Plaintiffs also object to this request as vague, given that the terms "curriculum," "mode of instruction" and "services" have not been defined. Absent the definitions of these terms and without sufficient information Plaintiffs cannot admit or deny this request. Plaintiff admits that Defendant closed campus facilities, and transitioned all in-person courses online. In all other respects, this Request is denied.

**REQUEST FOR ADMISSION NO. 15:**

Admit that the Boston University's Course Registration System, WebReg, was not accessible to you as a prospective student before you enrolled as a student at BU.

**RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

In addition to the foregoing General Objections, Plaintiffs object to the term "you," defined as "Julia Dutra, Gabriella Dube, Shakura Cox, Valaauina Silulu, Natalie Silulu, Olivia Bornstein, and Venus Tran," where Plaintiffs can and will only respond as to Plaintiffs' personal knowledge and will not purport to respond as to the knowledge of others. Plaintiffs further object to the undefined terms "prospective student" and "enrolled" as vague and ambiguous. Plaintiffs also object to the

Request as premature—discovery only recently commenced in this case; these Requests are the first type of discovery propounded by Defendant on Plaintiffs.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiffs do not have sufficient information to determine whether a prospective student could access the Course Registration System. In addition, Plaintiffs do not have personal knowledge of or access to the Boston University administration's policies for determining who is entitled to access (and when) Boston University's Course Registration System, WebReg. As such, Plaintiffs state that despite their reasonable efforts, they have insufficient knowledge to respond with any certainty whether Boston University's Course Registration System, WebReg, was accessible to Plaintiff as a prospective student before she enrolled as a student at BU. Discovery and investigation are continuing.

**REQUEST FOR ADMISSION NO. 16:**

Admit that you did not review or rely on class meeting schedules, locations, and physical attendance requirements listed in Course Syllabi when deciding whether to enroll at BU.

**RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

In addition to the foregoing General Objections, Plaintiffs object to the term "you," defined as "Julia Dutra, Gabriella Dube, Shakura Cox, Valaauina Silulu, Natalie Silulu, Olivia Bornstein, and Venus Tran," where Plaintiffs can and will only respond as to Plaintiffs' personal knowledge and will not purport to respond as to the knowledge of others. Plaintiffs also object to the Request as vague and ambiguous in that it includes a term "Course Syllabi" defined as any "academic document that communicates pedagogical information about a particular course and describes the content and nature of the course," which can be provided by any institution or otherwise located anywhere in the world, whether or not Plaintiff was enrolled in the course. Plaintiffs interpret Course Syllabi as relating only to courses available at Boston University. Plaintiffs further object to the term "enroll" as vague and ambiguous as to time and interprets it as referring to the time of Plaintiff Natalie Silulu's

acceptance of her admission to BU. Subject to and without waiving the foregoing General and Specific Objections, Plaintiffs deny this Request insofar as it relates to locations and physical attendance because when deciding whether to enroll at BU Plaintiffs relied on the fact that classes would be at the BU campus. Except as otherwise denied, Plaintiffs admit the Request.

**REQUEST FOR ADMISSION NO. 17:**

Admit that you did not review or rely on Boston University's Course Registration System, WebReg, including the class listings by description, meeting time, and physical classroom location, when deciding whether to enroll at BU.

**RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

In addition to the foregoing General Objections, Plaintiffs object to the term "you," defined as "Julia Dutra, Gabriella Dube, Shakura Cox, Valaauina Silulu, Natalie Silulu, Olivia Bornstein, and Venus Tran," where Plaintiffs can and will only respond as to Plaintiffs' personal knowledge and will not purport to respond as to the knowledge of others. Plaintiffs also object to the term "enroll" as vague and ambiguous as to time and interprets it as referring to the time of Plaintiff Natalie Silulu's acceptance of her admission to BU. Subject to and without waiving the foregoing General and Specific Objections, Plaintiffs deny this Request insofar as it relates to locations because when deciding whether to enroll at BU Plaintiffs relied on the fact that Plaintiff Natalie Silulu's classes would be at the BU campus. Except as otherwise denied, Plaintiffs admit the Request. .

**REQUEST FOR ADMISSION NO. 18:**

Admit that you did not review or rely on Boston University's Fee Descriptions when deciding whether to enroll at BU.

**RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

In addition to the foregoing General Objections, Plaintiffs object to the term "you," defined

as "Julia Dutra, Gabriella Dube, Shakura Cox, Valaauina Silulu, Natalie Silulu, Olivia Bornstein, and Venus Tran," where Plaintiffs can and will only respond as to Plaintiffs' personal knowledge and will not purport to respond as to the knowledge of others. Plaintiffs also object to the Request as vague and ambiguous in that it includes a term "Fee Descriptions" defined as "information that BU's accounting office provides to students describing the rationale for fees assessed, as cited in Plaintiffs' complaint," where Plaintiffs' complaint does not reference the BU accounting office. Plaintiffs also objects to the term "enroll" as vague and ambiguous as to time and interprets it as referring to the time of Plaintiff's admission acceptance. Subject to and without waiving the foregoing General and Specific Objections, Plaintiffs deny this Request insofar as it relates to the availability of in-person services and events because when deciding whether to enroll at BU Plaintiffs relied on the fact that she would attend BU at its Boston campus with the various amenities, events, and services such campus offered. Except as otherwise denied, Plaintiffs admit the Request. .

**REQUEST FOR ADMISSION NO. 19:**

Admit that you did not seek to participate in any particular "student support program" supported by the Community Service Fee that was discontinued as a result of BU's closing of campus in response to the COVID-19 pandemic.

**RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

In addition to the foregoing General Objections, Plaintiffs object to the term "you," defined as "Julia Dutra, Gabriella Dube, Shakura Cox, Valaauina Silulu, Natalie Silulu, Olivia Bornstein, and Venus Tran," where Plaintiffs can and will only respond as to Plaintiffs' personal knowledge and will not purport to respond as to the knowledge of others. Plaintiffs also object to the Request as overly broad and unduly burdensome in that relates to a time period without a defined starting point as to when Plaintiffs may have sought to participate in a "student support program." Plaintiffs further object to the Request as vague and ambiguous as what programs are intended to be included by the

undefined "student support program." Plaintiffs also object to the Request because it seeks information that is not relevant to any claim or defense because the issue in this case is not whether Plaintiffs sought to participate in a "student support program" that was discontinue due to BU's campus closure. Plaintiffs claims are that BU failed to provide the promised access to such programs, and whether any individual student sought to avail themselves of such a program after BU ceased to provide the programs is not an element to any claim or defense. Plaintiffs further object to the Request as premature—discovery only recently commenced in this case; these Requests are the first type of discovery propounded by Defendant on Plaintiffs.

..

Subject to and without waiving the foregoing General and Specific Objections, Plaintiff states that after making a diligent effort to review relevant information, the information known or readily available to her is insufficient to enable Plaintiff to admit or deny this Request. Although Plaintiff has made reasonable efforts to review relevant information, Plaintiff does not have the required understanding of what programs are intended to be included by the undefined "student support program." As such, Plaintiff states that despite her reasonable efforts, she has insufficient knowledge to respond with any certainty whether or not Plaintiff sought to participate in any particular "student support program" supported by the Community Service Fee that was discontinued as a result of BU's closing of campus in response to the COVID-19 pandemic

**REQUEST FOR ADMISSION NO. 20:**

Admit that you did not pay the Sports Pass Fee for the 2019-2020 year.

**RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

In addition to the foregoing General Objections, Plaintiffs object to the term "you," defined as "Julia Dutra, Gabriella Dube, Shakura Cox, Valaauina Silulu, Natalie Silulu, Olivia Bornstein, and Venus Tran," where Plaintiffs can and will only respond as to Plaintiffs' personal knowledge.

Plaintiffs will not purport to respond as to the knowledge of others. Subject to and without waiving the foregoing General and Specific Objections, Plaintiffs admit this Request.

**<u>REQUEST FOR ADMISSION NO. 21:</u>**

Admit that you did not attend any athletic event supported by the Sports Pass Fee for the 2019-2020 year.

**<u>RESPONSE TO REQUEST FOR ADMISSION NO. 21:</u>**

In addition to the foregoing General Objections, Plaintiffs object to the term "you," defined as "Julia Dutra, Gabriella Dube, Shakura Cox, Valaauina Silulu, Natalie Silulu, Olivia Bornstein, and Venus Tran," where Plaintiffs can and will only respond as to Plaintiffs' personal knowledge and will not purport to respond as to the knowledge of others. Plaintiffs also object to this Request's characterization of the Sport Pass Fee as 'support[ing]" athletic events; in fact, the fee paid for admission to those events. Plaintiffs further object to this Request because it seeks irrelevant information. Plaintiffs and other students paid the Sports Pass Fee for the right to attend specific athletic events. BU did not provide such access to the events it canceled starting in March 2020. Whether Plaintiffs sought to attend some other athletic events that pre-date BU's campus closure and cancellation of all athletic events are not relevant to Plaintiffs' claims or BU's defenses. Subject to and without waiving the foregoing General and Specific Objections, Plaintiffs admit this Request.

**<u>REQUEST FOR ADMISSION NO. 22:</u>**

Admit that the only athletic events supported by the Sports Pass Fee that were cancelled were lacrosse games originally scheduled for March and April 2020.

**<u>RESPONSE TO REQUEST FOR ADMISSION NO. 22</u>:**

In addition to the foregoing General Objections, Plaintiffs object to the Request as premature—discovery only recently commenced in this case; these Requests are the first type of discovery propounded by Defendant on Plaintiffs. Plaintiffs also object to this Request's

characterization of the Sport Pass Fee as 'support[ing]" athletic events; in fact, the fee paid for admission to those events.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiffs state that after making a diligent effort to review relevant information, the information known or readily available to her is insufficient to enable Plaintiffs to admit or deny this Request. Although Plaintiffs have made reasonable efforts to review the relevant information, Plaintiffs do not have personal knowledge of or access to the Boston University administration, athletic department or other relevant department's policies and decisions on cancelling athletic events scheduled for March and April 2020. Plaintiffs also do not have access to historical versions of the Boston University website—likely frequently updated and revised with content added and removed as to what sporting events were or were not cancelled in March and April 2020. As such, Plaintiffs state that despite her reasonable efforts, they have insufficient knowledge to respond with any certainty whether the only athletic events supported by the Sports Pass Fee that were cancelled were lacrosse games originally scheduled for March and April 2020.. Discovery and investigation are continuing.

**REQUEST FOR ADMISSION NO. 23:**

Admit that you did not intend to attend any of the lacrosse games that were cancelled in March and April 2020.

**RESPONSE TO REQUEST FOR ADMISSION NO. 23:**

In addition to the foregoing General Objections, In addition to the foregoing General Objections, Plaintiffs object to the term "you," defined as "Julia Dutra, Gabriella Dube, Shakura Cox, Valaauina Silulu, Natalie Silulu, Olivia Bornstein, and Venus Tran," where Plaintiffs can and will only respond as to Plaintiffs' personal knowledge and will not purport to respond as to the knowledge of others. Plaintiffs also object to the Request as vague and ambiguous as to whose lacrosse games were cancelled in March and April 2020. Plaintiffs interpret this Request to mean lacrosse games at

Boston University in March and April 2020. Subject to and without waiving the foregoing General and Specific Objections, Plaintiff Natalie Silulu states that despite her reasonable efforts, she has insufficient knowledge to respond with any certainty whether she would have attended any of the lacrosse games that were cancelled in March and April 2020.

Dated: June 16, 2021

Respectfully submitted,

/s/ *Conor B. McDonough*
**HECHT PARTNERS LLP**

125 Park Avenue, 25th Floor
New York, NY 10017
T: (212) 851-6821
cmcdonough@hechtpartners.com
Kathryn Lee Boyd (*Pro Hac Vice*)
lboyd@hechtpartners.com
Shira Lauren Feldman (*Pro Hac Vice*)
sfeldman@hechtpartners.com

*Attorneys for Plaintiffs Olivia Bornstein, individually and on behalf of all others similarly situated*

## CERTIFICATE OF SERVICE

I hereby certify that on June 16, 2021, I caused a true and correct copy of the foregoing document to be served via e-mail to all counsel of record who have appeared in this matter.

Dated: June 16, 2021

*/s/ Conor B. McDonough*

Conor B. McDonough